**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re   US FIDELIS, INC., | ) | |
| | ) | Case No. 10-41902-705 |
| Debtor. | ) | Chapter 11 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| Movant, | ) | Motion No. _____ |
| v. | ) | Response Due: |
| | ) | Hearing Date: |
| US FIDELIS, INC., | ) | Hearing Time: |
| Respondent. | ) | Location: |

### MOTION FOR THE ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1104(a) DIRECTING THE APPOINTMENT OF A TRUSTEE

Comes now the State of Missouri ("State"), by and through its Attorney General, Chris Koster, and for its Motion for the Entry of an Order Pursuant to 11 U.S.C. § 1104(a) Directing the Appointment of a Trustee, states as follows:

1. Debtor US Fidelis, Inc. ("Debtor") commenced this case by filing its Voluntary Petition under Chapter 11 of the Bankruptcy Code on March 1, 2010.

2. No plan has yet been proposed nor confirmed.

3. State is a party in interest to these bankruptcy proceedings, and is listed as a creditor in Debtor's Schedule F.

4. Cause exists, pursuant to 11 U.S.C. § 1104(a)(1), to appoint a trustee in this case in that the current management of Debtor, including Debtor's owners and directors:

   a. Engaged in consumer fraud, dishonesty, and gross mismanagement of Debtor, including, to wit:

i. Adopting an official policy of not paying refunds owed to consumers unless the consumer threatened litigation, threatened to complain to a governmental agency or continually called the customer service personnel.

ii. Adopting an official policy of paying only 60% of the refund due to consumers when consumers "made enough noise" to get a refund. *See* Affidavit of Philip Jehle attached hereto as Exhibit 1.

iii. Failing to disclose a variety of material terms and conditions regarding the vehicle service contracts during the sales calls.

iv. Improperly diverting funds from Debtor to the owner-directors and their personal debts.

b. Have an inherent and irreconcilable conflict of interest which will prevent maximization of the bankruptcy estate for the benefit of creditors; and

c. Have demonstrated other indicia of similar cause to order the appointment of a trustee.

5. The appointment of a trustee is in the interests of creditors and other interests of the estate, consistent with 11 U.S.C. § 1104(a)(2), in that said appointment is the only way to ensure that control of Debtor and of this bankruptcy is vested in a truly and completely independent party willing to take whatever steps are necessary to maximize the value of the bankruptcy estate for the benefit of creditors.

6. A trustee is necessary in this instance to ensure a scrupulous examination of Debtor's financial records and to pursue actions to collect preferential and fraudulent transfers, including, by way of example:

a. Payments Debtor made of more than $7.2 million between March 4, 2009 and September 16, 2009 to various companies for Darain Atkinson's personal home; and

b. Payments Debtor made of more than $455,000 to Recycled Spaces on behalf of Cory Atkinson to pay for "items for Tahoe."

WHEREFORE, for the reasons set forth above, and for the reasons more fully set forth in State's Suggestions in Support, incorporated herein by reference, State prays this Court enter an order directing the appointment of a trustee for cause or, in the alternative, directing the appointment of a trustee as being in the interests of creditors and interests of the estate, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CHRIS KOSTER
Attorney General

/s/ Jeff Klusmeier
Jeff Klusmeier, Mo. Bar No. 59601
Andrew M. Hartnett, Mo. Bar No. 60034
Assistant Attorneys General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-8826
(573) 751-4254 (facsimile)
Jeff.klusmeier@ago.mo.gov

Attorneys for Movant State of Missouri