**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | In Proceedings Under Chapter 11 |
| US FIDELIS, INC., ) | |
| ) | Case No. 10-41902-705 |
| Debtor. ) | |
| ) | Motion No.: |
| ) | |
| ) | Hearing Date: October 20, 2010 |
| ) | Hearing Time: 9:30 a.m. |
| ) | Location: St. Louis, Missouri |
| ) | Courtroom 7-South |

**DEBTOR US FIDELIS, INC.'S SECOND MOTION FOR ORDER, PURSUANT TO 11 U.S.C. § 1121(d), EXTENDING EXCLUSIVE PERIOD FOR FILING PLAN UNDER 11 U.S.C. § 1121(b) AND EXCLUSIVE PERIOD FOR OBTAINING ACCEPTANCE OF PLAN UNDER 11 U.S.C. § 1121(c)**

Comes now Debtor and Debtor-in-Possession US Fidelis, Inc. ("**Debtor**"), by and through its counsel, and for its Second Motion for Order, Pursuant to 11 U.S.C. § 1121(d), Extending Exclusive Period for Filing Plans under 11 U.S.C. § 1121(b) and Exclusive Period for Obtaining Acceptance of Plans Under 11 U.S.C. § 1121(c) (the "**Motion**"), respectfully states to the Court as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. On March 1, 2010 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. To date, no trustee or examiner has been appointed in this case, but an Official Committee of Unsecured Creditors (the "**Committee**") has been appointed in this case.

6973656v2

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The authority for the action taken under this Motion include 11 U.S.C. §§ 105(a), and 1121(d).

## BACKGROUND FACTS

5. On April 6, 2010, the Committee filed a Motion to Terminate the Exclusivity Period Pursuant to 11 U.S.C. § 1121(d) (the "**Motion to Terminate**") [Dkt. #77], requesting that the Debtor's exclusive period for filing a plan under 11 U.S.C. § 1121(b) be terminated immediately.

6. A hearing was set on the Motion to Terminate for April 22, 2010. (*See* Dkt. #79.)

7. Prior to the April 22, 2010 hearing on the Motion to Terminate, the Debtor and Committee negotiated a settlement on the Motion to Terminate whereby Debtor agreed not to object to the Motion to Terminate in exchange for the Committee's agreement that the Order granting the Motion to Terminate would only apply to the Committee.

8. Accordingly, the Debtor did not object to the Motion to Terminate, and at the April 22, 2010 hearing on the Motion to Terminate, counsel for the Debtor and counsel for the Committee announced to the Court the settlement terms outlined above. Upon hearing the announcements from counsel for the Debtor and counsel for the Committee regarding the Motion to Terminate, the Court granted the Motion to Terminate.

9. Following the April 22, 2010 hearing on the Motion to Terminate, counsel for the Committee submitted to the Court a proposed Order, inadvertently granting the Motion to Terminate as to all parties-in-interest, rather than only to the Committee. Accordingly, on April 23, 2010, the Court entered the proposed Order (the "**Termination Order**") [Dkt. #128].

10. Also, through inadvertence, Debtor failed to catch the error within the Termination Order before the Termination Order became a final order.

11. On June 11, 2010, Debtor filed a (A) Motion for Relief from Order, pursuant to Fed. R. Civ. P. 60(b), made applicable to this proceeding by Fed. R. Bankr. P. 9024, and a (B) Motion for Order, pursuant to 11 U.S.C. § 1121(d), Extending Exclusive Period for Filing Plan under 11 U.S.C. § 1121(b) and Exclusive Period for Obtaining Acceptance of Plan under 11 U.S.C. § 1121(c) (the "**First Motion to Extend**") [Dkt. #238], seeking relief from the Termination Order and an extension of the plan filing exclusivity period under 11 U.S.C. § 1121(b) through and including September 30, 2010, as to all parties-in-interest with the exception of the Committee, and an extension of the plan acceptance exclusivity period under 11 U.S.C. § 1121(c)(3) through and including November 29, 2010, as to all parties-in-interest with the exception of the Committee.

12. On July 2, 2010, the Court entered an Order, granting the First Motion to Extend, granting Debtor relief the Termination Order, extending the plan filing exclusivity period under 11 U.S.C. § 1121(b) through and including September 30, 2010, as to all parties-in-interest with the exception of the Committee, and extending the plan acceptance exclusivity period under 11 U.S.C. § 1121(c)(3) through and including November 29, 2010, as to all parties-in-interest with the exception of the Committee ("**First Motion to Extend Order**") [Dkt. #293].

## RELIEF REQUESTED

13. Section 1121(b) of the Bankruptcy Code provides a Chapter 11 debtor the exclusive right to file a plan during the first 120 days after the entry of the order for relief. Here, Debtor's exclusive right under 11 U.S.C. § 1121(b) to file its plan (the "**Plan Filing Exclusive Period**") will expire on September 30, 2010 pursuant to the First Motion to Extend Order.

14. Once a Chapter 11 debtor files a plan before the expiration of its 11 U.S.C. § 1121(b) exclusive period, Section 1121(c)(3) of the Bankruptcy Code allows another party to file a plan if and only if "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of the claims or interest that is impaired under the plan." Here, the Debtor's exclusive period for obtaining acceptances of its plan under 11 U.S.C. § 1121(c)(3) (the "**Plan Acceptance Exclusive Period**") will expire on November 29, 2010.

15. The exclusive periods for filing and obtaining acceptance of a plan may be reduced or increased for cause by the Court pursuant to Section 1121(d) of the Bankruptcy Code.

16. The Debtor requests that its Plan Filing Exclusive Period under 11 U.S.C. § 1121(b) be extended through and including December 31, 2010, as to all parties-in-interest with the exception of the Committee, and that its Plan Acceptance Exclusive Period under 11 U.S.C. § 1121(c)(3) be extended through and including March 1, 2011, as to all parties-in-interest with the exception of the Committee.

17. The requested extensions of the Plan Filing Exclusive Period and the Plan Acceptance Exclusive Period are ten (10) and twelve (12) months, respectively, from the Petition Date. Given the number of creditors holding secured and unsecured claims against the Debtor's estate, the complex nature of the Debtor's operations, and the number of significant adversary proceedings currently associated with the Debtor's Chapter 11 bankruptcy case, the Debtor submits that it would be reasonable to allow the Debtor an extension of the Plan Filing Exclusive Period through December 31, 2010 and an extension of the Plan Acceptance Exclusive Period through March 1, 2011. In addition, the Debtor has entered into a tentative settlement with the principals of the Debtor which will require court approval before it can even begin to work on

the Plan and Disclosure Statement.  Said settlement will result in a substantial number of assets for the bankruptcy estate.

**WHEREFORE**, US Fidelis, Inc. as Debtor and Debtor in Possession respectfully requests that the Court enter the following:

a. An Order granting this Motion;

b. An Order extending the Plan Filing Exclusive Period under 11 U.S.C. § 1121(b) through and including December 31, 2010, as to all parties-in-interest with the exception of the Committee;

c. An Order extending the Plan Acceptance Exclusive Period under 11 U.S.C. § 1121(c)(3) through and including March 1, 2011, as to all parties-in-interest with the exception of the Committee; and

d. An Order granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

LATHROP & GAGE LLP

By: */s/ Robert E. Eggmann*
Robert E. Eggmann, #3044, #37374
7701 Forsyth Blvd., Suite 400
Clayton, Missouri  63105
Telephone:  (314) 613-2800
Telecopier:  (314) 613-2801
reggmann@lathropgage.com

and

Brian T. Fenimore, #41308, #497607
Crystanna V. Cox, #5214085, #60402
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:  (816) 292-2000
Telecopier:   (816) 292-2001
bfenimore@lathropgage.com
ccox@lathropgage.com

ATTORNEYS FOR US FIDELIS, INC. AS DEBTOR AND DEBTOR IN POSSESSION

# CERTIFICATE OF SERVICE

A copy of the foregoing was served by ECF electronic noticing or via first class US mail, postage pre-paid, on this 21st day of September, 2010 upon:

| | |
|---|---|
| Leonora Long, Esq.<br>Office of the U.S. Trustee<br>111 South 10th Street, Suite 6353<br>St. Louis, MO 63102 | David Going, Esq.<br>Susan K. Ehlers, Esq.<br>Armstrong Teasdale<br>One Metropolitan Square, Suite 2600<br>St. Louis, Missouri 63102<br>*Attorneys for Mepco Finance Corp.* |
| Spencer P. Desai, Esq.<br>Capes, Sokol, Goodman and Sarachan<br>7701 Forsyth Boulevard, 12th Floor<br>St. Louis, MO 63105<br>*Attorneys for Cory Atkinson* | Norman W. Pressman, Esq.<br>Benjamin K. Westbrook, Esq.<br>Goldstein & Pressman<br>121 Hunter Avenue, Suite 101<br>St. Louis, MO 63124<br>*Attorneys for Darain Atkinson* |
| Jeff Klusmeier, Esq.<br>Assistant Attorney General<br>P.O. Box 899<br>Jefferson City, MO 65102<br>*Attorneys for State of Missosuri* | David A. Warfield, Esq.<br>Brian Wade Hockett, Esq.<br>Allison E Graves, Esq.<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>*Attorneys for Creditors Committee* |
| Matthew C Casey, Esq.<br>Casey & Devoti, P.C.<br>10 South Broadway, Suite 825<br>St. Louis, MO 63102<br>*Attorneys for David Rucker, et al.* | Marvin E. Clements, Esq.<br>Office of the Attorney General<br>Bankruptcy Division<br>PO Box 20207<br>Nashville, TN 37202-0207<br>*Attorneys for TN Dept. of Commerce* |
| Kurt A. Johnson, Esq.<br>Kurt Johnson Associates<br>20118 North 67th Avenue<br>Suite 300-430<br>Glendale, AZ 85308-4621<br>*Attorneys for Prestige Administration* | Mary C. Lobdell, Esq.<br>Washington Attorney General<br>1019 Pacific Avenue<br>P.O. Box 2317<br>Tacoma, WA 98401<br>*Attorneys for State of Washington* |
| Jon S. Musial, Esq.<br>Law Office of Jon S. Musial<br>8230 E. Gray Road | Steven D. Shurn, Esq.<br>Hughes Watters Askanase, LLP<br>333 Clay, 29th Floor |

| | |
|---|---|
| Scottsdale, AZ 85260<br>*Attorneys for Prestige Administration* | Houston TX 77002<br>*Attorneys for Tier One Warranty Svcs.* |
| Melissa G. Wright, Esq.<br>Office of the Ohio Attorney General<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43215<br>*Attorneys for State of Ohio* | Richard M. Maseles, Esq.<br>Missouri Department of Revenue<br>P.O. Box 475<br>Jefferson City, MO 65105-0475<br>*Attorneys for MDOR* |
| A. Thomas Dewoskin, Esq.<br>Danna McKitrick PC<br>7701 Forsyth, Suite 800<br>St. Louis, MO 63105<br>*Attorneys for Mia K. Atkinson* | Michael C. Seamands, Esq.<br>Lashly & Baer PC<br>714 Locust Street<br>St. Louis, MO 63101<br>*Attorneys for Diane Breckenridge Interiors, Inc.* |
| William J. Jernigan, Esq.<br>Office of the Attorney General<br>550 High Street, Suite 1200<br>P.O. Box 1174<br>Jacksin, MS 39215<br>*Attorneys for Mississippi Public Service Commission* | Hal F. Morris, Esq.<br>Texas Attorney General's Office<br>Bankruptcy & Collections Division<br>MC008<br>P.O. Box 12548<br>Austin, TX 78711<br>*Attorneys for State of Texas* |
| Lawrence E. Parres, Esq.<br>Lewis Rice & Fingersh<br>600 Washington Avenue, Suite 2500<br>St. Louis, MO 63101<br>*Attorneys for Frontenac Bank* | Cherie K. Macdonald, Esq.<br>Greensfelder, Hemker & Gale<br>12 Wolf Creek Drive, Suite 100<br>Belleville, IL 62226<br>*Attorneys for RG Brinkmann Co.* |
| Meaghan Scheuermann<br>39 Overlook Drive<br>Warwick, NY 10990 | Todd Walker<br>139 N. Arlington Avenue, #4J<br>East Orange, NJ 07017 |
| Gerald Roylance<br>1168 Blackfield Way<br>Mountain View, CA 94040 | Ethel Bowman<br>c/o Dwayne Anderson<br>1615 Alta Vista<br>Memphis, TN 38127 |
| Absolute Comfort Systems, LLC<br>1084 Cools Springs Industrial Drive<br>O Fallon, MO 63366 | American Service Group<br>#1 Clark Drive<br>Conroe, TX 77305 |
| Barklage, Brett, Wibbenmeyer & Hamn<br>211 North Third Street<br>St. Charles, MO 63301-2812 | Bryan Cave., LLP.<br>161 North Clark Street<br>Chicago, IL 60601 |

| | |
|---|---|
| Capital Assurance RRG Dealer Account<br>c/o Douglas L. Hertlein, Esq. Receiver<br>Allen Kuehnle Stovall & Neuman<br>17 S. High Street, Suite 1220<br>Columbus, OH 43215 | Coleman Consulting<br>Attn: Frank Pereira, VP<br>1101 Fifth Street, Suite 345<br>San Rafael, CA 94901 |
| Direct Response Media Inc<br>489 Devon Park Drive, Suite 306<br>Wayne, PA 19087<br><br>Jeoffrey L. Burtch, Chapter 7 Trustee<br>P.O. Box 549<br>Wilmington, DE 19899 | Document & Network Technologies<br>2275 Cassens Court<br>Fenton, MO 63026 |
| Eckenrode-Maupin<br>8000 Maryland, Suite 1300<br>Saint Louis, MO 63105 | Gibbes Burton, LLC<br>Attn: Frank Gibbes<br>308 E. John Street<br>Spartanburg, SC 29302 |
| iProspect.com, Inc.<br>The Arsenal on the Charles<br>311 Arsenal Street<br>Watertown, MA 02472-2602 | MagicDust Television<br>9633 South 48th Street, Suite 185<br>Phoenix, AZ 85044 |
| Monty Veasey & Company<br>610 N. Ridge Avenue<br>Tifton, GA 31793 | OCE, Inc.<br>5450 North Cumberland Avenue<br>Chicago, IL 60656 |
| Rhoderick Beery<br>6820 Shadow Ridge Road<br>Lincoln, NE 68512 | Rusty Wallace Racing<br>149 Knob Hill Road<br>Mooresville, NC 28117 |
| St. Charles County Collector<br>201 North 2nd Street, Suite 134<br>Saint Charles, MO 63301 | Ashcroft Law Firm<br>Attn: James Pierce<br>13321 N. Outer 40, Suite 300<br>St. Louis, MO 63017 |
| TPG - The Peter Group, Inc.<br>7 N. Columbus Boulevard<br>Philadelphia, PA 19106 | Westplex Enews<br>148 Timberidge Drive<br>St. Peters, MO 63376 |

/s/ *Robert E. Eggmann*
_____

6973656v2

8