# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| US FIDELIS INC., ) | |
| ) | Case No. 10-41902-705 |
| Debtor. ) | |
| ) | Hon. Charles E. Rendlen, III |
| ) | |
| ) | Hearing Date: November 10, 2010 |
| ) | Hearing Time: 10:00 a.m. |
| ) | |

## JOINT MOTION OF US FIDELIS, INC. AND
## OFFICIAL UNSECURED CREDITORS' COMMITTEE TO APPROVE
## SALE PROCEDURES FOR ASSET SALES OF *DE MINIMIS* VALUE

**COMES NOW** US Fidelis, Inc. (the "Debtor"), and the Official Unsecured Creditors Committee (the "Committee") and respectfully request as follows:

1. The Movants seek authority, pursuant to §§ 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"),

   (a) for the Debtor to sell certain assets with relatively *de minimis* value pursuant to the *de minimis* sale procedures (as defined below), whether by private sale or by auction,

   (b) for the Debtor to pay reasonable commissions and fees to third party sales agents who are auctioneers in connection with such sales.

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. On October 22, 2010, this Court entered its Order Approving the Settlements wherein Darain and Cory Atkinson and their respective spouses agreed to surrender certain

assets to the Debtor. The Movants intend to liquidate those assets in the course of this bankruptcy case.

4. The Movants anticipate that certain of the assets will have *de minimis* value. Many *de minimis* asset sales may nevertheless constitute transactions outside of the ordinary course of the Debtor's business, thereby requiring this course approval pursuant to § 363(b)(1) of the Bankruptcy Code. Obtaining Court approval with respect to each *de minimis* asset sale, however, would be administratively burdensome to this Court and costly for the bankruptcy estate. In some cases, the cost and delay associated with seeking individual Court approval of a sale could eliminate, or substantially undermine, the economic benefit of the transaction to the estate. Further, in certain instances, the inability to consummate an asset sale quickly may hinder or eliminate an otherwise advantageous but time sensitive opportunity.

5. To eliminate the cost and delay of having to file a separate motion with respect to each proposed *De Minimis* Sale, the Movants hereby seek approval of procedures described herein (the "*De Minimus* Sale Procedures"). These *De Minimis* Sale Procedures are intended to streamline the process for obtaining Court approval for the sale of assets within specified economic perimeters. The Movants propose that *De Minimis* Sale Procedures to facilitate a more expeditious and cost effective review by interested parties of sales involving smaller, less valuable, non court assets than would otherwise be available absent the procedures.

6. The Movants hereby seek approval to sell any asset for a total consideration of a value that is less than $50,000 (a "*De Minimis* Sale") without further Court approval, after providing notice of the *De Minimis* Sale to certain parties in accordance with the following procedures.

7. If the Movants propose a De Minimis sale, the Movants will serve a notice of such proposed sale (a "Sale Notice") by email, overnight delivery, or first class mail on the following parties:

    (a)    The United States Trustee for the Eastern District of Missouri (the "U.S. Trustee");

    (b)    Counsel for the Committee;

    (c)    Counsel for Mepco Finance Corporation;

    (d)    Up to three representative designated in writing by the state attorneys general to receive such notices;

    (e)    All known parties holding or asserting liens or encumbrances on the assets that are the subject of the proposed de minimus sale and their respective counsel, if known.

(collectively the "Interested Parties"). Interested Parties shall have five calendar days from service of the Sale Motion to file and serve any objection to a *De Minimis* Sale (the "Notice Period").

8. The Sale Notice will specify:

    (a)    a description of the asset proposed to be sold and its location;

    (b)    the identities of any parties holding or asserting liens or other interests or potential interests in the property and a statement indicating how the Movants propose to satisfy § 363(f) with respect thereto;

    (c)    an affidavit of the broker or auctioneer, if any, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that identifies the broker or auctioneer and the amount of the proposed commissions and contains the disclosures required by Bankruptcy Rule 2014; and

    (d)    instructions regarding the procedures to assert objections to the *De Minimis* Sale.

9. If the transaction is to be a private sale, the Sale Notice will also specify:

(a) the identity of the proposed purchaser (including a statement indicating whether the proposed purchaser is an "insider" as defined in § 101(31) of the Bankruptcy Code); and ;

(b) the major economic terms and conditions of the *De Minimis* Sale.[1]

10. If the transaction is to be by auction, the Sale Notice will also specify:

(a) the date, time and place of the auction;

(b) the minimum acceptable bid; and

(c) any terms and conditions of sale to be imposed at the auction.

11. The Movants propose that objections to a *De Minimis* Sale ("Objections") be in writing, filed with the Court, and served on the Interested Parties and counsel to the Movants so as to be received by all such parties prior to 4:00 p.m. (Central Time) on the last day of the Notice Period. Further, the Movants propose that each Objection state with specificity the grounds for the Objection.

12. If an Objection to a *De Minimis* Sale is properly filed and served by an Interested Party:

(a) The Movants may negotiate with the party filing the Objection and may change the terms of the sale without the requirement of further notice, as long as the revised terms are no more onerous to the Movants than those set forth in the Sale Notice.

(b) The *De Minimis* Sale may not proceed absent (a) withdrawal of the Objection; or (b) entry of an order by the Court specifically approving the *De Minimis* Sale.

(c) The Movants may schedule a hearing on the *De Minimis* Sale and, upon the scheduling of such a hearing, the Movants will provide notice of the hearing on the party filing the Objection and the Interested Parties.

13. If no Objection to a *De Minimis* Sale is filed and served by an Interested Party consistent with the *De Minimis* Sale Procedures, such *De Minimis* Sale will be deemed final and

---

[1] This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

fully authorized by the Court under the terms of the Order approving this Motion, including the payment of related brokers' commissions or auctioneer fees, if applicable, and the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases, if applicable (including the payment of cure costs related thereto), and no further notice or Court approval to consummate the *De Minimis* Sale will be required or necessary.

14. The Movants may consummate a *De Minimis* Sale prior to expiration of the applicable Notice Period if they obtain each Interested Party's written consent to such *De Minimis* Sale.

15. In the case of a Sale Notice for a transaction to proceed by auction, the Movants may sell the applicable *de minimis* asset at the auction for any price above the minimum bid, even if the sale price exceeds the applicable threshold for the *De Minimis* Sale Procedures.

16. All buyers will take assets sold by the Movants pursuant to the *De Minimis* Sale Procedures subject to the terms of the documentation executed in connection with the sale, which may include provisions that the buyers are taking the assets "as is" and "where is," without any representations or warranties from the Movants as to the quality or fitness of such assets for either their intended purpose or any particular purpose.

17. All sales consummated in compliance with the *De Minimis* Sale Procedures shall be deemed to be the result of an arm's-length transaction and the purchaser shall be deemed a good faith purchaser and shall be entitled to the protections of § 363(m) of the Bankruptcy Code.

**Basis For Relief Requested**

18. For the reasons discussed herein, this Court should grant the relief requested and approve the proposed *De Minimis* Sale Procedures. The proposed *De Minimis* Sale Procedures should be approved because they:

(a) constitute an exercise of the Movants' sound business judgment;

(b) satisfy the notice and hearing requirements of § 363(b)(1);

(c) satisfy the requirements of § 363(f) allowing the Movants to sell property free and clear of liens, claims, and encumbrances; and

(d) enable the Movants to maximize the value of the assets for the benefit of their stakeholders, while providing adequate procedural safeguards and prejudicing no party.

    A.    The Proposed De Minimis Sale Procedures re an exercise of the Movants' Sound Business Judgment

19. § 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the sale of property outside the ordinary course of business, a bankruptcy judge must "find from the evidence presented before him at the hearing a good business reason to grant such an application." *In re Channel One Communications, Inc.,* 117 B.R. 493, 496 (Bktcy. E.D.Mo. 1990).

20. § 105 of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. Movants submit that the sale of property upon the terms set forth herein is both an exercise of sound business judgment and in the best interests of the estates and their creditors. Disposing of these *de minimis* assets in the manner proposed herein is the most efficient and cost-effective means of maximizing the value to be realized. Obtaining Court approval for each such sale transaction would result in unnecessary administrative costs.

    B.    The Proposed De Minimis Sale Procedures Satisfy the Notice and Hearing Requirements of § 363(b)(1) of the Bankruptcy Code

22. The notice and hearing requirements contained in § 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances of the proposed sale. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and opportunity for a hearing "as [are] appropriate in the particular circumstances"). Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of twenty days' notice of proposed sales of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under § 1102 of the Bankruptcy Code, unless the Court for "cause" shown shortens the time or directs another method of giving notice. Moreover, courts are authorized to limit notice of asset sales outside of the ordinary course of a debtor's business, even without a prior showing of cause, to any official committee appointed under § 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice. *See* Bankruptcy Rule 2002(i).

23. The Movants submit that sufficient cause exists to implement the modified notice provisions proposed herein because these modified notice procedures will improve the efficiency of the sale process for *de minimis* assets and maximize the value of the assets to the Movants' estates. In addition, the Movants will have provided the statutory twenty days' notice of this Motion.

24. Furthermore, notwithstanding the requirement under § 363(b)(1) for "notice and a hearing," sales are authorized without an actual hearing if no party in interest timely requests such a hearing. *See* 11 U.S.C. § 102(1)(B)(i) (notwithstanding the statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

25. The proposed *De Minimis* Sale Procedures comport with the hearing requirements of the Bankruptcy Code, as well as due process, by providing Interested Parties with an opportunity to present Objections on each proposed *De Minimis* Sale and then have a hearing with respect to the proposed *De Minimis* Sale and Objection. Under these circumstances, a *De Minimis* Sale may be approved without a hearing if no Interested Party has filed an Objection with respect thereto. Furthermore, under the proposed *De Minimis* Sale Procedures, any known holder of a lien on any Non-Noticed *De Minimis* Sale will receive adequate notice of this Motion, and an opportunity to object.

C. Broker Commissions and Auction Fees Should be Approved

26. The payment of commissions and fees to brokers and auctioneers engaged by the Movants to sell *de minimis* assets is in the best interest of the Movants' estates and their creditors. The Movants believe using brokers and auctioneers will, in certain circumstances, expedite the disposition process and maximize the value of the *de minimis* assets.

27. Approving the commissions and fees as part of the *De Minimis* Sale Procedures will save the expenses associated with filing retention applications for each broker and auctioneer, and will avoid additional fees for preparing and prosecuting interim fee applications. The commissions and fees will represent only a fraction of the value of any *de minimis* asset sold pursuant to the *De Minimis* Sale Procedures and are not significant relative to the aggregate size of the Movants' estates.

D. The Proposed De Minimis Sale Procedures Satisfy the Requirements of § 363(f) of the Bankruptcy Code to Permit the Debtors to Sell Property Free and Clear of Liens, Claims, and Encumbrances

28. § 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if:

(a) applicable nonbankruptcy law permits such a free and clear sale;

(b) the holder of the interest consents;

(c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property;

(d) the interest is in bona fide dispute; or

(e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.

11 U.S.C. § 363(f).

29. The Movants are unaware of any consensual liens that encumber any of the assets to be sold, other than possibly in favor of Mepco Finance Corp. ("Mepco"). Since Mepco is one of the Interested Parties to whom Notice of a De Minimis Sale must be delivered, Mepco's rights to object to a proposed sale free and clear of its liens will be preserved.

E. Purchasers are Entitled to Good Faith Finding

30. § 363(m) of the Bankruptcy Code provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). *See In re Polaroid Corp.*, 611 F.3d 438 (8th Cir. 2010).

31. No previous request for the relief sought herein has been made by the Movants to this or any other Court.

WHEREFORE the Movants respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 29, 2010
St. Louis, Missouri

Respectfully submitted,

THOMPSON COBURN LLP

By: */s/ David A. Warfield*
David A. Warfield (ED Mo # 4642)
dwarfield@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
Ph. 314.552.6000
Fax: 314.552.7000

Attorneys for the Official Committee of Unsecured Creditors for US Fidelis, Inc.

and

LATHROP & GAGE LLP

By: */s/ Robert E. Eggmann*
Robert E. Eggmann, #3044, #37374
reggmann@lathropgage.com
7701 Forsyth Blvd., Suite 400
Clayton, Missouri 63105
Ph: (314) 613-2800
Fax: (314) 613-2801

Attorneys for Debtor US Fidelis, Inc.

**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties receiving notice through the Court's CM/ECF system this 29th day of October, 2010 **VIA CM/ECF E-MAIL**

*/s/ David A. Warfield*