IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: MTN 445 | ) | Chapter 11 |
| | ) | |
| US FIDELIS INC., | ) | Case No. 10-41902-705 |
| | ) | |
| Debtor. | ) | Hon. Charles E. Rendlen, III |

ORDER GRANTING JOINT MOTION OF US FIDELIS, INC. AND
OFFICIAL UNSECURED CREDITORS' COMMITTEE TO APPROVE
SALE PROCEDURES FOR ASSET SALES OF *DE MINIMIS* VALUE

This matter comes before the Court upon the *Joint Motion of US Fidelis, Inc. and Official Unsecured Creditors' Committee to Approve Sale Procedures for Asset Sale of De Minimis Value* (the "Motion")[1] filed on October 29, 2010 (dkt. #445). Due notice of the Motion having been given, and no objections having been filed, the Court hereby finds that good cause exists for entry of this Order and that entry of this Order is in the best interests of the Debtor and its bankruptcy estate,

IT IS HEREBY ORDERED that the Movants may sell any asset of the bankruptcy estate for a total consideration of a value that is less than $50,000 (a "*De Minimis* Sale") without further Court approval, by following the procedures set forth on **Exhibit A** attached hereto and incorporated herein by reference.

IT IS FURTHER ORDERED that all objections to a *De Minimis* Sale ("Objections") must be in writing, filed with the Court, and served on the Interested Parties and counsel to the Movants so as to be received by all such parties prior to 4:00 p.m. (Central Time) on the last day of the Notice Period, and any such Objection must state with specificity the grounds for the Objection.

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

IT IS FURTHER ORDERED that if an Objection to a *De Minimis* Sale is properly filed and served by an Interested Party:

    (a)    The Movants may negotiate with the party filing the Objection and may change the terms of the sale without the requirement of further notice, as long as the revised terms are no more onerous to the Movants than those set forth in the Sale Notice.

    (b)    The *De Minimis* Sale may not proceed absent (a) withdrawal of the Objection; or (b) entry of an order by the Court specifically approving the *De Minimis* Sale.

    (c)    The Movants may schedule a hearing on the *De Minimis* Sale and, upon the scheduling of such a hearing, the Movants will provide notice of the hearing on the party filing the Objection and the Interested Parties.

IT IS FURTHER ORDERED that if no Objection to a *De Minimis* Sale is filed and served by an Interested Party consistent with the *De Minimis* Sale Procedures, such *De Minimis* Sale will be deemed final and fully authorized by the Court under the terms of this Order, including the payment of related brokers' commissions or auctioneer fees, if applicable, and the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases, if applicable (including the payment of cure costs related thereto), and no further notice or Court approval to consummate the *De Minimis* Sale will be required or necessary.

IT IS FURTHER ORDERED that the Movants may consummate a *De Minimis* Sale prior to expiration of the applicable Notice Period if they obtain each Interested Party's written consent to such *De Minimis* Sale.

IT IS FURTHER ORDERED that the case of a Sale Notice for a transaction to proceed by auction, the Movants may sell the applicable *de minimis* asset at the auction for any price above the minimum bid, even if the sale price exceeds the applicable threshold for the *De Minimis* Sale Procedures.

IT IS FURTHER ORDERED that all asset purchasers will take the assets sold by the Movants pursuant to the *De Minimis* Sale Procedures subject to the terms of the documentation executed in connection with the sale, which may include provisions that the buyers are taking the assets "as is" and "where is," without any representations or warranties from the Movants as to the quality or fitness of such assets for either their intended purpose or any particular purpose.

IT IS FURTHER ORDERED that all sales consummated in compliance with the *De Minimis* Sale Procedures shall be deemed to be the result of an arm's-length transaction and the purchaser shall be deemed a good faith purchaser and shall be entitled to the protections of § 363(m) of the Bankruptcy Code.

IT IS FURTHER ORDERED that all sales consummated by the Movants hereunder shall be made pursuant to Section 11 U.S.C. § 363(f) and the purchasers thereunder shall take the purchased assets free and clear of all liens, claims and encumbrances to the fullest extent permitted by law.

IT IS FURTHER ORDERED THAT notwithstanding Bankruptcy Rule 6004(h), all sales consummated hereunder shall be immediately final.

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

DATED: November 15, 2010
St. Louis, Missouri
mtc

Copy Mailed To:

**Robert E. Eggmann**
Lathrop & Gage
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105

**David A. Warfield**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

**David L. Going**
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

# EXHIBIT A

## De Minimis Sale Procedures

1. The Movants will serve a notice of any *De Minimis* Sale (a "Sale Notice") by email, overnight delivery, or first class mail on the following parties:

   a. The United States Trustee for the Eastern District of Missouri (the "U.S. Trustee");

   b. Counsel for the Committee;

   c. Counsel for Mepco Finance Corporation;

   d. The following representatives of the state attorneys general to receive such notices: (i) Hal F. Morris - Texas, (ii) Mary Lobdell - Washington; (iii) Melissa G. Wright – Ohio, and (iv) Jeff Klusmeier – Missouri.

   e. All known parties holding or asserting liens or encumbrances on the assets that are the subject of the proposed de minimus sale and their respective counsel, if known.

(collectively the "Interested Parties"). Interested Parties shall have five calendar days from service of the Sale Motion to file and serve any objection to a *De Minimis* Sale (the "Notice Period").

2. The Sale Notice will specify:

   (a) a description of the asset proposed to be sold and its location;

(b) the identities of any parties holding or asserting liens or other interests or potential interests in the property and a statement indicating how the Movants propose to satisfy § 363(f) with respect thereto;

(c) an affidavit of the broker or auctioneer, if any, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that identifies the broker or auctioneer and the amount of the proposed commissions and contains the disclosures required by Bankruptcy Rule 2014; and

(d) instructions regarding the procedures to assert objections to the *De Minimis* Sale.