UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-41902-705 |
| | ) | |
| US FIDELIS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | MTN 457 |

ORDER (A) ESTABLISHING SALE AND BIDDING PROCEDURES,
(B) SCHEDULING HEARING TO APPROVE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES AND
(C) APPROVING BREAK-UP FEE

This matter having come before the Court in connection with the *Joint Motion For Orders (A) Authorizing Sale of Lakeview Real Estate Free and Clear of All Liens, Claims, and Encumbrances, Subject to Higher or Better Offers, (B) Establishing Sale And Bidding Procedures, and (C) Approving Break-Up Fee* (the "Sale Motion") filed by Debtor US Fidelis, Inc. ("Debtor") and the Official Unsecured Creditors' Committee of US Fidelis, Inc. (the "Committee"); due and appropriate notice thereof having been given; and the hearing on the Motion with respect to approval of the Bidding and Sale Procedures having been held before this Court on November 17, 2010 (the "Hearing"); and upon the entire record made at this Hearing; and this Court having found good and sufficient cause therefore;[1]

**IT IS HEREBY FOUND** that:

A. On March 1, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its businesses and manage its financial affairs as a debtor-in-possession. On March 11, 2010, the Office of the United States Trustee appointed the Committee.

B. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01 of the Local Rules for the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Sale Motion.

C. On November 12, 2010, R. G. Brinkmann Company filed a Limited Objection to the Sale Motion, and on November 16, Mepco Finance Company also filed an objection (collectively, the "Objections").

D. The Movants exercised their sound business judgment in establishing the Bidding and Sale Procedures outlined in <u>Exhibit A</u> hereto governing (a) the submission of any Competing Bid by Competitive Bidders interested in purchasing the Lakeview Real Estate, (b) any resulting Auction of the Lakeview Real Estate, and (c) the Sale Hearing.

Based on the foregoing findings and conclusions, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefore;

**IT IS ORDERED, ADJUDGED AND DECREED** that:

1. <u>Approval</u>. The relief sought in the Sale Motion with respect to the Bidding and Sale Procedures is hereby approved, subject to the terms of this Order. To the extent not previously withdrawn, the Objections are overruled.

2. <u>Sale of the Lakeview Real Estate</u>. The Court hereby sets forth herein and establishes a procedure for considering the sale of the Lakeview Real Estate (the "<u>Proposed Transaction</u>").

3. <u>Proposed Buyer for the Lakeview Real Estate</u>. The Debtor has entered into the Purchase Agreement with the Prospective Buyer for the purchase of the Lakeview Real Estate. The purchase price under the Purchase Agreement is $4,750,000. A copy of the Purchase Agreement is attached to the Sale Motion as **Exhibit A**.

4. <u>Hearing</u>. A hearing to consider a sale of the Lakeview Real Estate shall be conducted before the Hon. Charles E. Rendlen, III, United States Bankruptcy Judge, Courtroom 7 South, United States Bankruptcy Court, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, St. Louis, Missouri 63102 on December 8, 2010 at 10:00 a.m. (Central) (the "<u>Sale Hearing</u>"). At the conclusion of the Sale Hearing, the Court will consider entry of an order (the "<u>Sale Order</u>") approving a sale of the Lakeview Real Estate.

5. <u>Objections to the Proposed Transaction</u>. Except as otherwise ordered by the Court, any objections to the Proposed Transaction (not including competing bids) shall be made in writing and filed with the Office of the Clerk of the United States Bankruptcy Court, and served upon: (i) David A. Warfield, Esq., Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri 63101; (ii) Robert E. Eggmann, Esq., Lathrop & Gage LLP, 7701 Forsyth Blvd., Suite 400, Clayton, Missouri 63105, and (iii) 5 Lakeview Acquisition Group, LLC, c/o Kevin Cottrell, Kelsey Cottrell Realty Group, 14434 South Outer 40 Road, Chesterfield, MO 63017-5711 so that such objections are received by the above-referenced parties no later than 4:00 p.m. (Central) on December 3, 2010. Such objections shall spell out specifically the legal and factual basis for the objection with appropriate citations to applicable legal authority.

6. <u>Procedures Relating to the Proposed Transaction</u>. This Order is intended to set procedures only and not to adjudicate any substantive rights on any parties, including the Mechanic's Lien Claimants, and the Bidding and Sale Procedures outlined in <u>Exhibit A</u> hereto shall govern (a) the submission of any Competing Bid by Competitive Bidders interested in purchasing the Lakeview Real Estate, (b) any resulting auction of the Lakeview Real Estate, and (c) the Sale Hearing.

7. <u>Approval of Break-Up Fee; Exchange of Written Information</u>. If the Debtor consummates a sale of the Lakeview Real Estate pursuant to section 363(b) of the Bankruptcy Code to a buyer or buyers other than the Prospective Buyer or an affiliate of the Prospective Buyer, the Court hereby approves payment to the Prospective Buyer of an amount calculated as follows: (a) $95,000 if the gross sale price is $5,000,000; (b) $142,500 if the Prospective Buyer makes at least one Qualifying Overbid; or (c) $142,500 if the gross sale price is $5,250,000 or more regardless of whether the Prospective Buyer makes a Qualifying Overbid (the "Break-Up Fee"). The Break-Up Fee shall be paid under the conditions set forth in the Purchase Agreement as an administrative expense under 11 U.S.C. § 503(b) and a surcharge under 11 U.S.C. § 506(c) payable in full by the Debtor to the Prospective Buyer to be deducted from the purchase price concurrently with the closing of the Proposed Transaction with a party other than the Prospective Buyer or an affiliate of the Prospective Buyer. In exchange for the Break-Up Fee, the Prospective

5242799.2

Buyer shall promptly after entry of this Order make available to the Movants all title commitments, surveys, written bids/estimates from contractors, structural reports and similar written information pertaining to the Lakeview Real Estate.

8. <u>Service of this Order</u>. Within two (2) business days after entry of this order, counsel for the Committee shall serve a copy of this Order upon (a) the United States Trustee; (b) the Mechanic's Lien Claimants; (c) any Office of the Attorney General, who appears in the above-captioned Chapter 11 case pursuant to Fed. R. Bankr. P. 9010; (d) any creditor or party in interest, who appears in the above-captioned Chapter 11 case pursuant to Fed. R. Bankr. P. 9010; (e) those persons and entities known to the Debtor or the Committee as having expressed a bona fide interest in the purchase of the Lakeview Real Estate; (f) the Internal Revenue Service, (g) the Missouri Department of Revenue, (h) Dielmann-Sotheby's Realty, and (i) any other interested parties known to the Movants. Pursuant to Bankruptcy Rule 2002, this service shall constitute good and sufficient notice of the Proposed Transaction, the Bidding and Sale Procedures, the Auction, this Order, and the Sale Hearing on all parties in interest.

9. <u>Amendment of this Order</u>. This Order may be amended or supplemented by the Court as the Court from time to time may determine to be in the best interest of creditors and the estate.

/s/ Charles E. Rendlen III
CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

DATED: November 17, 2010
St. Louis, Missouri
mtc

**Copy Mailed To**

**David A. Warfield**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

**David L. Going**
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

**Robert E. Eggmann**
Lathrop & Gage
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105

5242799.2

# EXHIBIT A

# BIDDING AND SALE PROCEDURES

Set forth below are the objection deadlines, hearing dates and other procedures (the "Bidding and Sale Procedures") for considering a sale of the Lakeview Real Estate, under Section 363 of the Bankruptcy Code.[2]

The sale is subject to competitive bidding, as set forth herein, and to approval by the Bankruptcy Court, pursuant to section 363 of the Bankruptcy Code, at a hearing currently scheduled for December 8, 2010, at 10:00 a.m. (Central) (the "Sale Hearing").

## The Sale Hearing

At the Sale Hearing, the Movants will seek entry of an order, *inter alia*, authorizing and approving the sale of the Lakeview Real Estate (i) if no other Qualifying Bid is received for the Lakeview Real Estate, to the Prospective Buyer pursuant to the terms and conditions set forth in the Purchase Agreement, or (ii) if a Qualifying Bid is received by the Movants for the Lakeview Real Estate, to the Prospective Buyer or such other Prevailing Party submitting a Qualifying Bid whom the Movants determines submitted the Highest or Best Bid, subject to a final determination by the Bankruptcy Court at the Sale Hearing. The Movants' determination of the Highest or Best Bid is without prejudice to Prospective Buyer's right and the right of any other Competitive Bidder who submitted a Qualifying Bid to challenge such determination at the Sale Hearing.

## Bid Requirements for Competitive Bidders

The following procedures govern the submission of a Competing Bid by Competitive Bidders:

(a) Any Competitive Bidders must, by 5:00 p.m. (Central) on December 6, 2010 (the "Bid Deadline"), file any and all documents evidencing their Competing Bid (as required herein) with the Court and serve copies of such documentation upon David A. Warfield, Thompson Coburn LLP, One U.S. Bank Plaza, St. Louis, Missouri 63101, Robert E. Eggmann, Lathrop & Gage, LLP, Pierre Laclede Center, 7701 Forsyth Boulevard, Suite 400, Clayton, MO 63105, and 5 Lakeview Acquisition Group, LLC, c/o Kevin Cottrell, Kelsey Cottrell Realty Group, 14434 South Outer 40 Road, Chesterfield, MO 63017-5711 (the "Notice Parties");

(b) Competing Bids must be in writing and must state that (i) such Competitive Bidder offers to purchase all of the Lakeview Real Estate upon substantially the same terms and conditions set forth in the Purchase Agreement, together with all exhibits and schedules thereto, marked to show any amendments and modifications to the Purchase Agreement, including, without limitation, the proposed purchase price and time of closing; (ii) such Competitive Bidder is prepared to enter into and consummate the transaction by the deadlines set forth in the Purchase Agreement; and (iii) such Competing Bid is irrevocable until the completion of the Sale Hearing, and, in the event that the Competitive Bidder is the Prevailing Party (as defined herein), until December 31, 2010;

(c) A Competing Bid will not be considered by the Debtor or the Court as qualified for the Auction, as hereinafter defined, unless such Competing Bid is for an amount equal to, or greater than $5,000,000;

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion.

(d) Any subsequent Competing Bids thereafter (a "Qualifying Overbid") must be higher than the existing lead bid in increments of not less than $50,000 in cash; provided, however, any Qualifying Overbids by the Prospective Buyer thereafter shall only be required to be equal to the sum of: (i) the then existing lead bid plus (ii) $50,000 less (iii) the dollar value of the Break-Up Fee;

(e) A Competing Bid will not be considered by the Debtor as qualified for the Auction if: (i) such Competing Bid contains financing, due diligence, or other contingencies of any kind (other than Bankruptcy Court approval); (ii) such Competing Bid consists of any form of consideration other than cash consideration, payable by wire transfer of immediately available funds to the account or accounts designated in writing by the Debtor; (iii) such Competing Bid is not received by the Debtor and the Committee in writing on or prior to the Bid Deadline (each bid that satisfies the criteria set forth herein constitutes a "Qualifying Bid");

(f) Prior to the Bid Deadline, a Competitive Bidder must deliver to the Debtor a deposit, by wire transfer of immediately available funds or certified check, in the amount of $500,000 (the "Deposit"); and

(g) Competing Bids must be accompanied by (i) sufficient financial information about the Competing Bidder that will enable the Movants to evaluate the Competitive Bidder's ability to satisfy its obligations under the Competing Bid; and (ii) other evidence of the Competitive Bidder's ability to close the acquisition of the assets in a timely manner.

## Auction

If one or more Qualifying Bids are submitted in accordance with the Bidding and Sale Procedures, the Movants shall convene an outcry auction to be held on December 7, 2010 at 2:00 p.m. (Central) at Thompson Coburn LLP, One US Bank Plaza, Suite 3500 (the "Auction"), at which Auction only Competitive Bidders who have submitted Qualifying Bids and the Prospective Buyer shall be entitled to participate as provided herein.

At the Auction, the Movants shall have the right to select the highest or best Bid from the Prospective Buyer and any Competitive Bidders who submitted a Qualifying Bid (the "Highest or Best Bid"), which will be determined by considering, among other things: (i) the number, type, and nature of any changes to the Purchase Agreement requested by each Competitive Bidder; (ii) the extent to which such modifications are likely to delay closing of the sale of the Lakeview Real Estate and the cost to the Movants of such modifications or delay, including potential decrease in purchase sale price of the Lakeview Real Estate if not sold by the Closing Date, as defined in the Purchase Agreement; (iii) the total consideration to be received by the Debtor; (iv) the likelihood of the Competitive Bidder's ability to close a transaction and the timing thereof; and (v) the net benefit to the estate, taking into account Prospective Buyer's rights to the Break Up Fee and the payment of any commissions that will be due on account of such sales.

If the person submitting the Highest or Best Bid (the "Prevailing Party") fails to perform its obligations pursuant to the terms of its Highest or Best Bid (and if Debtor is not in material breach of its obligations thereunder), its Deposit shall be retained by Debtor as liquidated damages.
After the Sale Hearing, the Movants shall promptly return any Deposit received in connection with the submission of an unsuccessful Competing Bid. Any Deposit received from a Prevailing Party shall be applied to its purchase price on the closing of the Sale pursuant to the Sale Order, or released to the Debtor upon termination of the Sale upon default by the Prevailing Party.