UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:   MTN 497 | ) | Case No. 10-41902-705 |
| | ) | |
| US FIDELIS, INC., | ) | Chapter 11 |
| | ) | |
|         Debtor. | ) | |

**ORDER AUTHORIZING THE SALE OF THE TAHOE REAL ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

Upon the joint motion (the "<u>Motion</u>")[1] of US Fidelis, Inc. (the "<u>Debtor</u>") and the Official Unsecured Creditors' Committee of US Fidelis, Inc. (the "<u>Committee</u>", and together with Debtor, the "<u>Movants</u>"), for the entry of an order (the "<u>Order</u>") pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014 authorizing the sale of the real estate, improvements and other personal property located at 1756 Grouse Ridge Road., Truckee, CA 96161, such real estate and personal property is more particularly described on Exhibit A attached hereto and incorporated herein by reference (the "<u>Tahoe Real Estate</u>") to Ray Akrawi, or his assigns (the "<u>Successful Bidder</u>"), pursuant to a Contract (the "<u>Purchase Agreement</u>") free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever, including, but not limited to, the Unrecorded Governmental Unit Claims (collectively, the "<u>Encumbrances</u>") (the "<u>Proposed Sale</u>"); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor:

THE COURT HEREBY FINDS THAT:

**Jurisdiction, Final Order, and Statutory Bases**

A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this judicial district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Purchase Agreement.  In the event of a conflict between defined terms, the definition in this Order first shall control, followed by the definition in the Purchase Agreement and in the Motion.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules") 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 363(b), (f), and (m), and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), 9007, and 9014.

D. This Court entered the Procedures Order on December 8, 2010 [Docket No. 513].

### Notice

E. Actual written notice of the Sale Hearing, the Bidding and Sale Procedures, the Auction, the Motion, the Proposed Sale, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all known interested entities, including, but not limited to the following parties:

    (i) the Office of the United States Trustee for the Eastern District of Missouri;

    (ii) any Office of the Attorney General, who appears in the above-captioned Chapter 11 case pursuant to Fed. R. Bankr. P. 9010;

    (iii) any creditor or party in interest, who appears in the above-captioned Chapter 11 case pursuant to Fed. R. Bankr. P. 9010;

    (iv) those persons and entities known to the Debtor or the Committee as having expressed a bona fide interest in the purchase of the Tahoe Real Estate;

    (v) the Internal Revenue Service;

    (vi) the Missouri Department of Revenue; and

    (vi) any other interested parties known to the Movants (collectively, the "Notice Parties").

F. The Movants have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion.

G. The Procedures Order provided all interested parties with proper notice of the Bidding and Sale Procedures, the Sale Hearing, and the Auction.

H. As evidenced by the certificates of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Bidding and Sale Procedures, the Auction, the Sale Hearing, and the Proposed Sale has been provided in accordance with Bankruptcy Code sections 102(1) and 363 and Bankruptcy Rules 2002, 6004 and 9014. The Movants also have complied with all obligations to provide notice of the Motion, the Bidding and Sale Procedures, the Auction, the Sale Hearing, and the Proposed Sale required by the Procedures Order. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding and Sale Procedures, the Auction, the Sale Hearing, and the Proposed Sale is required.

I. The disclosures made by the Movants concerning the Bidding and Sale Procedures, the Auction, the Proposed Sale, and the Sale Hearing were good, complete, and adequate.

J. No Competing Bids for the Tahoe Real Estate were timely submitted pursuant to the Bidding and Sale Procedures.

K. No objections to the Proposed Sale were filed.

**Good Faith of Successful Bidder**

L. The Successful Bidder is purchasing the Tahoe Real Estate in good faith and is a good faith buyer within the meaning of Bankruptcy Code section 363(m). The Successful Bidder is, therefore, entitled to the full protections of section 363(m) and has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (i) the Successful Bidder complied with the provisions in the Procedures Order; (ii) all payments to be made by the Successful Bidder and other arrangements entered into by the Successful Bidder in connection with the Proposed Sale have been disclosed; (iii) the Successful Bidder has not violated Bankruptcy Code section 363(n) by any action or inaction; and (iv) the Purchase Agreement was negotiated in good faith.

**Highest and Best Offer**

M. The Movants conducted an auction process in accordance with, and have otherwise

complied in all respects with, the Procedures Order. The Bidding and Sale Procedures and the auction process set forth in the Procedures Order afforded a full and fair opportunity for any person or entity to make a higher or otherwise better offer to purchase the Tahoe Real Estate. The Auction process was duly noticed and conducted in a noncollusive, fair, and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Tahoe Real Estate.

N. The Purchase Agreement constitutes the highest and best offer for the Tahoe Real Estate and will provide a greater recovery for the Debtor's estate with respect to the Tahoe Real Estate than would be provided by any other available alternative. The Movants' determination that the Purchase Agreement constitutes the highest and best offer for the Tahoe Real Estate constitutes a reasonable exercise of the Movants' business judgment. The Purchase Agreement is fair to the Debtor and its bankruptcy estate.

O. The Purchase Agreement represents a fair and reasonable offer to purchase the Tahoe Real Estate under the circumstances of this chapter 11 case. No other entity or group of entities has offered to purchase the Tahoe Real Estate for greater economic value to the Debtor's estate than the Successful Bidder.

P. Approval of the Motion and the Purchase Agreement and the consummation of the Proposed Sale contemplated thereby are in the best interests of the Debtor, its creditors, its estate, and all other parties-in-interest.

Q. The Movants have demonstrated a good and sufficient business purpose and justification for the Proposed Sale.

**Validity of Transfer**

R. The Debtor has full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby; Scott Eisenberg, as Chief Restructuring Officer of the Debtor, has full power and authority to execute all documents on behalf of the Debtor necessary to effectuate the transfer the Tahoe Real Estate to the Successful Bidder, including but not limited to a Special Warranty Deed transferring title to the Tahoe Real Estate; and no further consents or

approvals are required for the Debtor to consummate the Proposed Sale contemplated by the Purchase Agreement.

S.     The transfer of the Tahoe Real Estate to the Successful Bidder will be, as of the Closing Date (as defined in the Purchase Agreement), a legal, valid, and effective transfer of such Tahoe Real Estate, and such transfer vests or will vest the Successful Bidder with all right, title, and interest of the Debtor to the Tahoe Real Estate free and clear of all Encumbrances accruing, arising, or relating thereto any time prior to the Closing Date.

### Satisfaction of Section 363(f)

T.     The Successful Bidder would not have entered into the Purchase Agreement and would not consummate the Proposed Sale contemplated thereby if the sale of the Tahoe Real Estate to the Successful Bidder were not free and clear of all Encumbrances of any kind or nature whatsoever, or if the Successful Bidder would, or in the future could, be liable for any of such Encumbrances.

U.     The sale of the Tahoe Real Estate may be ordered free and clear of the Unrecorded Governmental Unit Claims because such claims are in bona fide dispute.[2] *See* 11 U.S.C. § 363(f)(4).

### Reasonable Exercise of Business Judgment

V.     Given all of the circumstances of this chapter 11 case and the adequacy and fair value of the purchase price under the Purchase Agreement, the Proposed Sale constitutes a reasonable exercise of the Movants' business judgment and should be approved.

W.     The consummation of the Proposed Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the Proposed Sale.

AND THE COURT HEREBY ORDERS THAT:

### General Provisions

---

[2] The sale of the Tahoe Real Estate shall, however, be subject to any real estate taxes due and payable at the time of Closing.

1. <u>Relief Granted</u>. The relief requested in the Motion is GRANTED and the sale of the Tahoe Real Estate to Ray Akrawi, or his assigns, for total consideration of $2,450,000 is APPROVED . The Proposed Sale contemplated by the Motion and the Purchase Agreement is approved as set forth in this Order.

2. <u>Procedures Order Incorporated</u>. This Court's findings of fact and conclusions of law in the Procedures Order are incorporated herein by reference.

**Approval of Purchase Agreement**

3. <u>Purchase Agreement Approved</u>. The Purchase Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

4. <u>Authorization to Consummate Proposed Sale</u>. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor, by and through Scott Eisenberg, Chief Restructuring Officer of the Debtor, is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Proposed Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (b) close the Proposed Sale as contemplated in the Purchase Agreement and this Order, and (c) execute and deliver, perform under, consummate, implement, and close the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Proposed Sale, including a Special Warranty Deed transferring title to the Tahoe Real Estate, and any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other ancillary documents.

5. <u>Order Binding on All Parties</u>. This Order shall be binding in all respects upon the Debtor, and its estate and creditors, all holders of equity interests in the Debtor, all holders of any claim(s), as defined in section 101(5) of the Bankruptcy Code, whether known or unknown, against any Debtor and any holders of Encumbrances against or on the Tahoe Real Estate, including, but not limited to the Successful Bidder and all successors and assigns of the Successful Bidder, and any trustees,

examiners, responsible officers, estate representatives, or similar entities for the Debtor, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the Purchase Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Successful Bidder, and their respective successors and assigns.

### **Transfer of Tahoe Real Estate**

6. <u>Transfer of Tahoe Real Estate Authorized</u>. Pursuant to Bankruptcy Code sections 363(b) and 363(f), the Debtor is directed to transfer the Tahoe Real Estate to the Successful Bidder on the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of Tahoe Real Estate free and clear of all Encumbrances, including, but not limited to, the Unrecorded Governmental Unit Claims. Upon the closing of the Proposed Sale, the Successful Bidder shall take title to and possession of the Tahoe Real Estate. All Encumbrances shall attach solely to the proceeds of the Proposed Sale with the same validity, priority, force, and effect that they now have as against the Tahoe Real Estate, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

7. <u>Creditors Directed to Release Encumbrances</u>. On the Closing Date, all creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release Encumbrances on the Tahoe Real Estate, as such Encumbrances may have been recorded or may otherwise exist.

8. <u>Permanent Injunction</u>. Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Order, all entities holding Encumbrances on, or interests in, the Tahoe Real Estate prior to the Closing Date, or the transfer of the Tahoe Real Estate to the Successful Bidder, are hereby forever barred, estopped, prohibited and permanently enjoined from asserting against the Successful Bidder, its successors or assigns, their property, or the Tahoe Real Estate, such persons' or entities' Encumbrances, including rights or claims based on any successor or transferee liability.

9.      <u>Recording Offices</u>.  This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Proposed Sale contemplated by the Purchase Agreement.

**Other Provisions**

10.      <u>No Liability for Claims Against Debtor or Cory and Heather Atkinson</u>. The Successful Bidder shall not have any liability or other obligation of the Debtor or Cory and Heather Atkinson related to the Tahoe Real Estate.  The Successful Bidder has given substantial consideration under the Purchase Agreement for the benefit of the holders of any Encumbrances relating to the Tahoe Real Estate.

11.      <u>Good Faith</u>.  The Proposed Sale contemplated by the Purchase Agreement is undertaken by the Successful Bidder without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Proposed Sale shall not affect the validity of the Proposed Sale, unless such authorization and consummation of such Proposed Sale are duly stayed pending such appeal.  The Successful Bidder is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

12.      <u>Effective Immediately</u>.  Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry and the Debtor and the Successful Bidder are authorized, but are not required, to close the Proposed Sale immediately upon entry of this Order, notwithstanding the fourteen-day stay periods in Bankruptcy Rule 6004(h), which are expressly waived.

13. <u>Purchase Agreement Approved in Entirety</u>. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety. From the sale proceeds, Tahoe Luxury Properties, Inc. shall paid a commission of five percent (5%) subject to any co-brokerage agreement.

14. <u>Modifications to Purchase Agreement</u>. The Purchase Agreement and any related Purchase Agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court; <u>provided</u>, that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

15. <u>Order Governs Over Purchase Agreement</u>. To the extent there are any inconsistencies between the terms of this Order and the Purchase Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

16. <u>Authorization to Effect Order</u>. The Debtor is authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

17. <u>Automatic Stay</u>. The automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of this Court, to (i) allow the Successful Bidder to deliver any notice provided for in the Purchase Agreement, and (ii) allow the Successful Bidder to take any and all actions permitted under the Purchase Agreement in accordance with the terms and conditions thereof.

18. <u>Findings of Fact/Conclusions of Law</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

19. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the Purchase Agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Successful Bidder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Proposed Sale.

20. <u>Recordation of Order</u>.  A certified copy of this Order may, at the option of the Successful Bidder, be recorded in the real estate records for Placer County, California or any other pertinent jurisdiction.

*/s/ Charles E. Rendlen III*<br>
CHARLES E. RENDLEN, III<br>
U.S. Bankruptcy Judge

DATED: December 22, 2010
St. Louis, Missouri
mtc

**Copy Mailed To**

**David A. Warfield**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

# Exhibit A
# (Legal Description)

Tahoe Property

The land referred to herein below is situated in the unincorporated area, County of Placer, State of California, and is described as follows:

Lot 135 as shown on the map entitled "Big Springs at Northstar-Phase IV" filed in the Records Office of Placer County, California on June 11, 1999 in Book V of Maps, Page 52 Placer County Official Records.

APN: 110-610-015-000

Together with the personal property described on the following pages

# 1756 Grouse Ridge Road Personal Property Inventory

The following personal property items contained in the residence at 1756 Grouse Ridge Rd., Truckee, CA shall be included in the purchase of the real property.

**Dining Room**
- Large wood dining table with 12 rust colored chairs
- 2 chairs with cow hide
- 6 large silver candle sticks
- 12 twig place mats
- Rust color area rug
- Silver bull w/horns decorative sculpture
- Harling framed wall art

**Front Entry**
- Wood console table
- 2 silver/tan table lamps
- Large wood bowl
- 2 black and silver decorative wall candles
- Large leather framed mirror
- Black/rust patterned area rug

**Kitchen**
- GE monogram side by side refrigerator
- GE monogram microwave
- GE monogram wall oven
- GE monogram warming drawer
- GE monogram 6 burner stove w/ double oven
- GE monogram dishwasher
- Cuisinart coffee maker
- Krups toaster
- Arte Italica- 2 serving platters
- Arte Italica-12 coffee cups
- Arte Italica-12 white wine glasses
- Arte Italica-11 red wine glasses
- Arte Italica-7 champagne glasses
- Arte Italica-12 large wine glasses
- Arte Italica-12 dinner plates
- Arte Italica-12 small bowls
- Arte Italica-12 large bowls
- Arte Italica-12 salad plates
- Pewter Bottom Glassware- 12 High ball
- Pewter Bottom Glassware- 11 Tall glasses
- Pewter Bottom Glassware- 12 martini glasses
- Pewter Bottom Glassware-5 champagne
- Pewter Rimmed Dishware- 11 dinner plates
- 3 silver pitches
- 3 large glass jars
- 12 small plastic juice glasses
- 12 tall plastic juice glasses
- 9 small glass juice glasses
- 12 tall glass juice glasses
- White Baus Cher- Service for 20 Dinnerware (dinner plate, salad plate, small bowls, coffee mugs)
- Assorted serving bowls
- 19 assorted wine glasses
- 7 assorted martini glasses
- 2 hurricane candle lamps
- Small Cuisinart food processor
- Cuisinart coffee bean grinder
- Assorted BBQ tools
- Silverware- Service for 12 (forks, knives, spoons
- Assorted cloth napkins
- Assorted cleaning supplies
- Assorted Tupperware
- Assorted mixing bowls
- Assorted wood cutting boards
- Assorted bake ware
- Assorted pots and pan
- 2 decorative chests
- Large silver decorative plate
- Wood sled
- 2 metal tree sculpture
- Wood decorative figurine

**Eat in Kitchen**
- Square wood table w/ 8 dark wood chairs
- 3 metal candle holders
- Wood skis
- Rust area rug
- Fur framed mirror
- Wood sled

**Living Room**
- 9 black and wood wall art pictures
- 2 antler table lamps
- Silver tree sculpture

- Large glass decorative plate
- Dark wood cabinet
- Leather and suede sofa
- 2 brown decorative pillows
- 2 plaid and leather chairs
- 2 brown leather and suede chairs
- Brown suede and leather chair
- Square leather ottoman
- Square wood coffee table
- Round wood coffee table
- Silver bowl
- Antler decorative bowl
- Assorted decorative pillows
- 2 fur throw blankets
- Wood console table
- 3 large candle decorative lamps
- 5 wood sculptures
- Large brown area rug
- Large wood framed mirror
- 2 Harling wall art
- Sony large screen TV
- Audio Source component
- Yamaha Blue Ray DVD player
- Yamaha Subwoofer

**Master**
- King bed w/ wood frame
- King down comforter with tan duvet
- Brown king sheet set
- 2 sleeping pillows
- Striped patterned bed skirt
- 4 stripped patterned decorative pillows
- 2 faux fur decorative pillows
- 5 assorted decorative pillows
- 2 matching bedside cabinets
- 2 antler table lamps
- Iron/crystal chandelier
- Large wood framed mirror
- Animal skin throw rug
- Leather chair w/ matching ottoman
- Dark wood dresser
- Red shade brass floor lamp
- Sony large screen TV
- Sony Blue Ray DVD player
- 3 brass candle stick holders
- Black framed wall art
- Crystal wall mounted light

- 3 pillows w/ brown cases
- Luggage stand
- 5 cotton robes
- Assorted hangers
- Assorted brown throw blankets/sheet sets

**Master Bath**
- Brown area rug
- Brown vanity chair
- Small oval mirror
- Assorted bath accessories
- 4 brown hand towels and wash clothes

**Office**
- Ski wall plaque
- Leather chair
- Black/brown wood desk with matching one drawer cabinet
- Rust stripped area rug
- Leather rolling chair
- 4 drawer wood cabinet
- 8 square wood core wall art
- 2 silver table lamps

**½ Bathroom**
- Assorted bath accessories
- Wyatt wall art
- 2 brown hand towels

**Back Deck**
- Napoleon BBQ gas grill
- Hot Spring hot tub

**Upper Bunk Room**
- 2 twin beds
- 2 fleece blankets
- 2 brown sheet sets
- 2 brown patterned comforters
- 2 sleeping pillows
- 6 decorative bed pillows
- Tahoe Tavern wall art
- Wooden chair for built in desk
- Wooden bench
- Decorative throw pillow
- Sony flat screen TV mounted
- Sony Blue Ray DVD player
- Pine cone lamp
- Aspen wood dresser

- Colorful rug
- Wooden mirror

**Upstairs Bath**
- Ski country wall art
- Brown towels (4 bath, 1 hand, 2 wash)
- Assorted bath accessories
- Blow dryer
- Leather waste basket

**Sitting area/Wet bar**
- Decorative sled
- Checkers board with pieces
- Winter sports framed art
- Cortina framed art
- 2 leather arm chairs
- 2 fuzzy throw pillows
- Leather "L" shaped couch
- Assorted throw pillows
- Sleigh style coffee table
- Sleigh style side table
- Brown area rug
- Sony flat screen TV mounted
- Sony Blue Ray DVD player
- Wooden foyer table
- Assorted bar accessories (16 wine glasses, 6 martini glasses, cocktail set, coasters, book)
- Wooden "card" table
- 4 leather chairs for card table
- Cow skin area rug
- 5 leather bar stools
- Vosges framed art
- Sports Italia art
- Chamonix art
- Mont-Blanc art
- Sony flat screen TV mounted
- Sony Blue Ray DVD player

**Upper Landing**
- Leather arm chair
- Silver pedestal
- Northstar framed art

**Main Floor Landing**
- Antler floor lamp
- Wooden bench w/white cushion and pillows
- 2 cow skin throw pillows
- 2 cow skin mirrors
- Silver end table
- RadioShack phone
- Aspen bark candle holder
- Glass ashtray
- Sled wall art framed (in hallway)

**Laundry Room**
- Maytag washer and dryer
- Pro Series vacuum
- Ski race framed art
- Broom
- Mop
- Stainless steel trash can
- Laundry basket
- Iron
- Extra brown towel sets
- Extra brown sheet sets

**Full Bedroom**
- Wood/leather sleigh Bed (full)
- 6 decorative pillows
- Wool striped comforter
- Brown sheet set (full)
- Brown bed skirt
- 2 sleeping pillows
- 2 nightstands
- 2 lamps
- 6 wall art pieces in collage
- Brown area rug
- Leather chair
- Leather ottoman
- 2 decorative throw pillows
- Ski mirror
- Floor lamp
- Luggage stand
- Dresser
- Sony Blue Ray DVD player
- Sony flat screen TV mounted

**Attached Bathroom**
- Assorted brown towels
- Assorted bath accessories
- Red wall art
- Waste basket

**Full Bedroom 2**
- Full wooden bed
- Brown/cream/red comforter

- 7 decorative pillows
- 2 sleeping pillows
- Brown fleece blanket
- Brown full sheet set
- 1 nightstand w/drawers
- 1 ski table lamp
- Brown area rug
- Antler dresser
- Ski lamp
- Sony flat screen TV mounted
- Sony Blue Ray DVD player
- Luggage stand
- Floor fan
- Wooden mirror
- Duck wall art
- Humidifier
- Assorted hangers

**Attached Bathroom Full 2**
- Assorted brown towels
- Tree wall art
- Assorted bath accessories
- Waste basket

**Bunk Bed Room (2 sets of bunks)**
- 4 twin beds in 2 sets of bunk beds

**Garage**
- Broom
- Hose
- Shovel

- 4 sleeping pillows
- 12 decorative pillows
- 4 moose comforters
- 4 brown sheet sets
- 4 "window" night lights
- Red pattern area rug
- Wooden table w/ 4 matching chairs
- Sony flat screen TV mounted
- Sony Blue Ray DVD player
- Ski lamp
- Moose art
- Bear art
- 2 bear hooks
- Sand art knick knack
- Assorted blankets/pillows in closet

**Attached bunk bathroom**
- Assorted brown towels
- Moose lodge wall art
- Assorted bath accessories
- Waste basket

**Downstairs Landing**
- Wooden bench
- Coat hooks