UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-41902-705 |
| | ) | |
| US FIDELIS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | MTN 501 |

**ORDER AUTHORIZING THE SALE OF THE LAKE OF THE OZARK REAL ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

Upon the joint amended motion (the "Motion")[1] (dkt. 501) of US Fidelis, Inc. (the "Debtor") and the Official Unsecured Creditors' Committee of US Fidelis, Inc. (the "Committee", and together with Debtor, the "Movants"), for the entry of an order (the "Order") pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014 authorizing the sale of the real estate, improvements and other personal property located at 45 Via Preminenta, Porto Cima, Missouri, such real estate and personal property is more particularly described on Exhibit A attached hereto and incorporated herein by reference (such real and personal property shall collectively be referred to as the "Porto Cima Property") to Marlyn J. and LuAnn B. Moen pursuant to a Special Sale Agreement Contract free and clear of all liens, claims, Encumbrances, and other interests of any kind or nature whatsoever (collectively, the "Encumbrances") (the "Proposed Sale"); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor:

THE COURT HEREBY FINDS THAT:

**Jurisdiction, Final Order, and Statutory Bases**

A.  This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this judicial district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Purchase Agreement. In the event of a conflict between defined terms, the definition in this Order first shall control, followed by the definition in the Purchase Agreement and in the Motion.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules") 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 363(b), (f), and (m), and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), 9007, and 9014.

## Notice

D. On December 3, 2010, the Movants filed a *Notice of Hearing on Joint Amended Motion for Order Authorizing Sale of Porto Cima House Free and Clear of All Liens, Claims, and Encumbrances, Subject to Higher and Better Offers* (the "Sale Notice") (dkt. 503) which set forth the deadline for filing an objection to the Proposed Sale ("Objection Deadline") and the deadline and other requirements for submitting a higher and better offer for the Porto Cima Property (the "Competitive Bid Deadline"). The Sale Notice was served electronically on all parties listed on the ECF notice list.

E. No objections to the Proposed Sale were filed before the Objection Deadline.

F. One competing bid for the Porto Cima Property was submitted before the Competitive Bid Deadline. The competing bid (the "Competing Bid") was submitted by Ron and Lori Rogge on December 28, 2010. As a result of the Competing Bid and pursuant to the provisions of the Sale Notice, the Movants conducted an auction on January 4, 2011. At the auction, the highest and best bid for the Porto Cima Property was submitted by Ron and Lori Rogge (the "Successful Bidder") for $690,000. The Successful Bidder entered into a Special Sale Contract ("Purchase Agreement") reflecting the price obtained at the auction.

## Good Faith of Successful Bidder

G. The Successful Bidder is purchasing the Porto Cima Property in good faith and is a good

faith buyer within the meaning of Bankruptcy Code section 363(m). The Successful Bidder is, therefore, entitled to the full protections of section 363(m) and has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (i) all payments to be made by the Successful Bidder and other arrangements entered into by the Successful Bidder in connection with the Proposed Sale have been disclosed; (ii) the Successful Bidder has not violated Bankruptcy Code section 363(n) by any action or inaction; and (iii) the Purchase Agreement was negotiated in good faith.

### Highest and Best Offer

H. The Movants conducted an auction process in accordance with, and have otherwise complied in all respects with, the Sale Notice. This process afforded a full and fair opportunity for any person or entity to make a higher or otherwise better offer to purchase the Porto Cima Property. The Auction process was duly noticed and conducted in a noncollusive, fair, and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Porto Cima Property.

I. The Purchase Agreement constitutes the highest and best offer for the Porto Cima Property and will provide a greater recovery for the Debtor's estate with respect to the Porto Cima Property than would be provided by any other available alternative. The Movants' determination that the Purchase Agreement constitutes the highest and best offer for the Porto Cima Property constitutes a reasonable exercise of the Movants' business judgment. The Purchase Agreement is fair to the Debtor and its bankruptcy estate.

J. Approval of the Motion and the Purchase Agreement and the consummation of the Proposed Sale contemplated thereby are in the best interests of the Debtor, its creditors, its estate, and all other parties-in-interest.

K. The Movants have demonstrated a good and sufficient business purpose and justification for the Proposed Sale.

### Validity of Transfer

L. The Debtor has full corporate power and authority to execute and deliver the Purchase

Agreement and all other documents contemplated thereby. Scott Eisenberg, as Chief Restructuring Officer of the Debtor, has full power and authority to execute all documents on behalf of the Debtor necessary to effectuate the transfer the Porto Cima Property to the Successful Bidder, including but not limited to a Special Warranty Deed and Bill of Sale transferring title to the Porto Cima Property; and no further consents or approvals are required for the Debtor to consummate the Proposed Sale contemplated by the Purchase Agreement.

M. The transfer of the Porto Cima Property to the Successful Bidder will be, as of the Closing Date (as defined in the Purchase Agreement), a legal, valid, and effective transfer of such Porto Cima Property, and such transfer vests or will vest the Successful Bidder with all right, title, and interest of the Debtor to the Porto Cima Property free and clear of all Encumbrances accruing, arising, or relating thereto any time prior to the Closing Date.

### Reasonable Exercise of Business Judgment

N. Given all of the circumstances of this chapter 11 case and the adequacy and fair value of the purchase price under the Purchase Agreement, the Proposed Sale constitutes a reasonable exercise of the Movants' business judgment and should be approved.

O. The consummation of the Proposed Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the Proposed Sale.

AND THE COURT HEREBY ORDERS THAT:

### General Provisions

1. **Relief Granted**. The relief requested in the Motion is GRANTED and the sale of the Porto Cima Property to Ron and Lori Rogge, for total consideration of $690,000 is APPROVED . The Proposed Sale contemplated by the Motion and the Purchase Agreement is approved as set forth in this Order.

2. <u>Purchase Agreement Approved</u>. The Purchase Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

3. <u>Authorization to Consummate Proposed Sale</u>. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor, by and through Scott Eisenberg, Chief Restructuring Officer of the Debtor, is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Proposed Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (b) close the Proposed Sale as contemplated in the Purchase Agreement and this Order, and (c) execute and deliver, perform under, consummate, implement, and close the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Proposed Sale, including a Special Warranty Deed and Bill of Sale transferring title to the Porto Cima Property, and any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other ancillary documents.

4. <u>Order Binding on All Parties</u>. This Order shall be binding in all respects upon the Debtor, and its estate and creditors, all holders of equity interests in the Debtor, all holders of any claim(s), as defined in section 101(5) of the Bankruptcy Code, whether known or unknown, against any Debtor and any holders of Encumbrances against or on the Porto Cima Property, including, but not limited to the Successful Bidder and all successors and assigns of the Successful Bidder, and any trustees, examiners, responsible officers, estate representatives, or similar entities for the Debtor, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the Purchase Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Successful Bidder, and their respective successors and assigns.

**Transfer of Porto Cima Property**

5. <u>Transfer of Porto Cima Property Authorized</u>. Pursuant to Bankruptcy Code sections 363(b) and 363(f), the Debtor is directed to transfer the Porto Cima Property to the Successful Bidder on

the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of Porto Cima Property free and clear of all Encumbrances. Upon the closing of the Proposed Sale, the Successful Bidder shall take title to and possession of the Porto Cima Property. All Encumbrances shall attach solely to the proceeds of the Proposed Sale with the same validity, priority, force, and effect that they now have as against the Porto Cima Property, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

6. <u>Creditors Directed to Release Encumbrances</u>. On the Closing Date, all creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release Encumbrances on the Porto Cima Property, as such Encumbrances may have been recorded or may otherwise exist.

7. <u>Permanent Injunction</u>. Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Order, all entities holding Encumbrances on, or interests in, the Porto Cima Property prior to the Closing Date, or the transfer of the Porto Cima Property to the Successful Bidder, are hereby forever barred, estopped, prohibited and permanently enjoined from asserting against the Successful Bidder, its successors or assigns, their property, or the Porto Cima Property, such persons' or entities' Encumbrances, including rights or claims based on any successor or transferee liability.

8. <u>Recording Offices</u>. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title, and each of the foregoing entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Proposed Sale contemplated by the Purchase Agreement.

**Other Provisions**

9. <u>No Liability for Claims Against Debtor or Cory and Heather Atkinson</u>. The Successful Bidder shall not have any liability or other obligation of the Debtor or Cory and Heather Atkinson related to the Porto Cima Property. The Successful Bidder has given substantial consideration under the Purchase Agreement for the benefit of the holders of any Encumbrances relating to the Porto Cima Property.

10. <u>Good Faith</u>. The Proposed Sale contemplated by the Purchase Agreement is undertaken by the Successful Bidder without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Proposed Sale shall not affect the validity of the Proposed Sale, unless such authorization and consummation of such Proposed Sale are duly stayed pending such appeal. The Successful Bidder is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

11. <u>Effective Immediately</u>. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry and the Debtor and the Successful Bidder are authorized, but are not required, to close the Proposed Sale immediately upon entry of this Order, notwithstanding the fourteen-day stay periods in Bankruptcy Rule 6004(h), which are expressly waived.

12. <u>Purchase Agreement Approved in Entirety</u>. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety. From the sale proceeds, Bobbi Bash Realty shall be paid a commission of five percent (5%) subject to any co-brokerage agreement.

13. <u>Modifications to Purchase Agreement</u>. The Purchase Agreement and any related Purchase Agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court; <u>provided</u>,

that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

14. <u>Order Governs Over Purchase Agreement</u>. To the extent there are any inconsistencies between the terms of this Order and the Purchase Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

15. <u>Authorization to Effect Order</u>. The Debtor is authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

16. <u>Automatic Stay</u>. The automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of this Court, to (i) allow the Successful Bidder to deliver any notice provided for in the Purchase Agreement, and (ii) allow the Successful Bidder to take any and all actions permitted under the Purchase Agreement in accordance with the terms and conditions thereof.

17. <u>Findings of Fact/Conclusions of Law</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

18. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the Purchase Agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Successful Bidder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Proposed Sale.

19. <u>Recordation of Order</u>.  A certified copy of this Order may, at the option of the Successful Bidder, be recorded in the real estate records for Camden County, Missouri or any other pertinent jurisdiction.

_/s/ Charles E. Rendlen III_

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

DATED:  January 5, 2011
St. Louis, Missouri
mks

Copy mailed to:
**David A. Warfield**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

**Robert E. Eggmann**
Lathrop & Gage
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105

**Robert A. Breidenbach**
Goldstein and Pressman
10326 Old Olive Street Road
St. Louis, MO 63141-592

**Thomas DeWoskin**
Danna McKitrick, PC
7701 Forsyth, Suite 800
St. Louis, MO 63105

**Spencer P. Desai**
Desai Law Firm LLC
Pierre Laclede Center
7733 Forsyth Boulevard, Suite 2075
St. Louis, MO 63105

**David L. Going**
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

**Exhibit A**
**(Legal Description)**

All of Lot 1425 of LA RIVA EST, a subdivision in Camden County, Missouri, according to the plat thereof on file and of record in Plat Book 66, Page 12, in the Office of the Recorder of Deeds, Camden County, Missouri.

Together with the following personal property located on the real estate described above

| **Dining Room** | Black Rectangle Dining Table and 6 Side Chairs |
|---|---|
| **Main Living Area** | Leather Sofa, Round Fabric Ottoman, Accent Chair, Accent Ottoman, Oval End Table, Sofa Table, Chaise Lounge, Painted Accent Chest, Black Accent Chest |
| **Master Bedroom** | Bassett King Poster Bed, Bassett Nightstand, Black Trunk, Accent Chair, Accent Ottoman, 2 round covered tables, King mattress set |
| **Twin Bedroom** | 2 twin beds, 2 trundle units, 2 twin mattresses |
| **Queen Bedroom #1** | Bassett Queen Panel Bed, Bassett Nightstand, Bassett Dresser, Queen Mattress Set, Collezione Europa Armoire, 2 cube ottomans at side table |
| **Queen Bedroom #2** | Queen Storage Bed with Pier Unit, Queen Mattress Set |
| **Lower Living Area** | Bauhaus 4 piece Section, Leather Ottoman, Nesting Tables, Game Table and 4 castered chairs |
| **Patio Areas** | Lower Level: 2 cushioned wooden chairs, ottomans and small table; Upper Outdoor level: 5 chairs, oval table & small side table Covered area: Wooden Pub table and 3 stools |
| **Electronics** | 3 flat screen TV's, all wall mounted with home theater systems |