UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| US FIDELIS, INC., ) | |
| ) | Case No. 10-41902-705 |
| Debtor. ) | |
| ) | Hon. Charles E. Rendlen, III |
| ) | |
| ) | |
| ) | **JOINT MOTION FOR ORDER** |
| ) | **AUTHORIZING SALE OF ADDITIONAL** |
| ) | **WATERCRAFT FREE AND CLEAR OF** |
| ) | **ALL LIENS, CLAIMS, AND** |
| ) | **ENCUMBRANCES, SUBJECT TO** |
| ) | **HIGHER AND BETTER OFFERS** |
| ) | |
| ) | **Sale Hearing Date: March 9, 2011** |
| ) | **Sale Hearing Time: 10:00 a.m.** |
| ) | |
| ) | |
| ) | |
| ) | |

**COMES NOW** US Fidelis, Inc. (the "Debtor") and the Official Unsecured Creditors' Committee of US Fidelis, Inc. (the "Committee") and for their *Joint Motion for Order Authorizing Sale of the Additional Watercraft Free and Clear of All Liens, Claims and Encumberances, Subject to Higher and Better Offers* and states as follows:

### BACKGROUND

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. §157(a), (b)(1), (b)(2)(A), E.D. Mo. L.R. 81-9.01(B)(1), and 11 U.S.C. § 363. This is a "core" proceeding under 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. On March 1, 2010 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its businesses and manage its financial

affairs as a debtor-in-possession. On March 11, 2010, the Office of the United States Trustee appointed the Committee.

4. On September 30, 2010, the Debtor and the Committee (sometimes hereafter jointly referred to as the "Movants") filed a Joint Motion for Order Approving Settlements with Defendants Cory and Heather Atkinson and Defendants Darain and Mia Atkinson (the "Settlement Motion"). The Settlement Motion sought approval, *inter alia*, of a Settlement Agreement by and among Cory and Heather Atkinson, the Debtor and the Committee. Pursuant to the Settlement Agreement, Cory and Heather Atkinson agreed to surrender to the Debtor substantially all of their assets in exchange for the consideration spelled out in the Settlement Motion. On October 22, 2010, this Court entered its Order Approving Settlement (the "Settlement Order").

5. Pursuant to the Settlement Order, Cory and Heather Atkinson surrendered to the Debtor the 2005 400SS Formula Thunderbird with hull I.D. #TNRD4710D505 (the "Formula"), the 2006 Sea-Doo with hull I.D. #YDV40119F606 and the 2006 Sea-Doo with hull I.D. #YDV27659D606 (the "Sea-Doos", together with the Formula, the "Additional Watercraft").

6. The Movants have reached an agreement with Bob Bennett (the "Prospective Buyer") to purchase the Additional Watercraft pursuant to the terms of the Purchase Agreements, all as is more particularly described in the Purchase Agreements which are attached hereto as **Exhibit A** and incorporated herein by reference (the "Purchase Agreements"). Under the Purchase Agreements, the purchase price for the Formula is $185,000.00 United States dollars (the "Formula Purchase Price") and the purchase price for the Sea-Doos is $5,200.00 each, or a total of $10,400.00 United States dollars (the "Sea-Doo Purchase Price"). The total cash purchase price for the Additional Watercraft under the Purchase Agreements is $195,400.00 United States dollars, with no contingencies, financing or otherwise, other than Bankruptcy Court approval (the "Purchase Price"). Further, the Additional Watercraft are being sold "AS IS", "WITH ALL FAULTS" and "WITHOUT RECOURSE" to the Debtor and without representation or warranty of any type or kind.

7. By this Motion, the Movants seek entry of an Order (the "Sale Order") following a hearing on Wednesday, March 9, 2011 at 10:00 a.m. (the "Sale Hearing") authorizing Movants to (i) sell the Additional Watercraft to the Prospective Buyer pursuant to the Purchase Agreements free and clear of all liens, claims and encumbrances or, alternatively, in the event that the Court approves a higher and better offer from a party not affiliated with the Prospective Buyer, approving the sale of the Additional Watercraft to such other party, and (ii) pay a 10% brokerage commission to Glencove Marine ("Glencove"), in the event that the Prospective Buyer is the prevailing party or the prevailing party is procured by Glencove.

## BACKGROUND ON PURCHASE AGREEMENTS

8. The offer submitted by Prospective Buyer for the Additional Watercraft is the highest and best of the proposals received for the Additional Watercraft.

9. The sale of the Additional Watercraft to Prospective Buyer under the Purchase Agreements are the product of negotiations between parties.

10. The proposed sale has been negotiated at arms-length and constitutes a good faith offer to purchase in accordance with Section 363(m) of the Bankruptcy Code. The Prospective Buyer has no prior business or personal relationship with the Debtor, the Committee, Cory Atkinson, or Heather Atkinson. The Prospective Buyer is not an "insider" within the meaning of Section 101(31).

11. The closing of the proposed sale is to occur only after the Bankruptcy Court approves the sale after notice and a hearing as required by Section 363 of the Bankruptcy Code and Bankruptcy Rule 2002(a) with an outside closing date of March 24, 2011.

## SALE OF ASSETS UNDER SECTION 363 OF THE BANKRUPTCY CODE

12. The Movants request that the Court authorize the sale of the Additional Watercraft pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the sale proceeds.

13. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business, after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion. In re Channel One Comm., Inc., 117 B.R. 493, 496 (E.D. Mo. 1990); In re Apex Oil Co., 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

14. The Movants have determined that, in their respective business judgments, the sale of the Additional Watercraft to Prospective Buyer in accordance with the terms of the Purchase Agreements (or to another bidder making a higher and better offer for the Additional Watercraft before the Sale Hearing) is in the best interest of Debtor's Chapter 11 estate and its creditors. The proposed sale of the Additional Watercraft is for fair and reasonable consideration, is in good faith, does not unfairly benefit any insiders or creditors of the Debtor, and will maximize the value of the Debtor's estate. Alternatively, in the event that a Competitive Bidder makes a higher and better offer for the Additional Watercraft, the Additional Watercraft are to be sold to such party free and clear of all liens, claims and encumbrances with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force and effect that such liens, claims and encumbrances had on such assets prior to the closing of the transaction.

## SALE FREE AND CLEAR OF ALL LIENS

15. Section 363(f) of the Bankruptcy Code authorizes a debtor to use, sell or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property. Under the proposed sale, the Additional Watercraft are to be sold free and clear of all liens, claims and encumbrances with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force and effect that such liens, claims and encumbrances had on such assets prior to the closing of the proposed sale.

## WAIVE 6004(H) PERIOD

16. To facilitate a prompt closing of the sale, the Movants request that the time period set forth in Bankruptcy Rule 6004(h) be waived and that the order approving the sale hereunder be immediately final.

WHEREFORE the Movants hereby respectfully request:

(a) Entry of a Sale Order following the Sale Hearing authorizing the Debtor (i) to sell the Additional Watercraft to Prospective Buyer pursuant to the Purchase Agreements or, alternatively, in the event that another bidder makes a higher and better offer for the Additional Watercraft before the Sale Hearing, approving the sale of the Additional Watercraft to such prevailing party, (ii) pay a 10% brokerage commission to Glencove, in the event that the Prospective Buyer is the prevailing party or the prevailing party is procured by Glencove, and (iii) take each of those steps outlined in the Purchase Agreements to close on the sale of the Additional Watercraft or in the event that Prospective Buyer is not the prevailing party, those steps outlined in the prevailing party's form of purchase contract, to close on the sale of the Additional Watercraft.

Dated: February 9, 2011

| THOMPSON COBURN LLP | LATHROP & GAGE LLP |
|---|---|
| By  */s/ David A. Warfield*  <br> David A. Warfield, (34288MO) <br> dwarfield@thompsoncoburn.com <br> Brian W. Hockett (52984MO) <br> bhockett@thompsoncoburn.com <br> One US Bank Plaza <br> St. Louis, Missouri  63101 <br> (314) 552-6000 (Phone) <br> (314)-552-7000 (Fax) | By:  */s/ Robert E. Eggmann*  <br> Robert E. Eggmann, #37374 <br> 7701 Forsyth Blvd., Suite 400 <br> Clayton, Missouri 63105 <br> Ph: (314) 613-2800 (Phone) <br> Fax: (314) 613-2801 (Fax) <br> Reggmann@lathropgage.com <br><br> Attorneys for the Debtor |
| Attorneys for the Official Unsecured Creditors' Committee for US Fidelis, Inc. | |