## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| **US FIDELIS, INC.,** | ) |
| | ) **Case No. 10-41902-705** |
| **Debtor.** | ) |
| | ) **Hon. Charles E. Rendlen, III** |
| | ) |
| | ) |
| | ) **JOINT MOTION FOR ORDER** |
| | ) **AUTHORIZING SALE OF** |
| | ) **WENSTONE CROSSING HOUSE** |
| | ) **FREE AND CLEAR OF ALL LIENS,** |
| | ) **CLAIMS, AND ENCUMBRANCES,** |
| | ) **SUBJECT TO HIGHER AND** |
| | ) **BETTER OFFERS** |
| | ) |
| | ) **Sale Hearing Date: March 16, 2011** |
| | ) **Sale Hearing Time: 10:00 a.m.** |

Comes now US Fidelis, Inc. (the "Debtor") and the Official Unsecured Creditors' Committee of US Fidelis, Inc. (the "Committee") and submits this *Joint Motion For Order Authorizing Sale of Wenstone Crossing House Free and Clear of All Liens, Claims, and Encumbrances, Subject to Higher and Better Offers* (the "Sale Motion"),

## BACKGROUND

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. §157(a), (b)(1), (b)(2)(A), E.D. Mo. L.R. 81-9.01(B)(1), and 11 U.S.C. § 363. This is a "core" proceeding under 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. On March 1, 2010 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its businesses and manage its financial affairs as a debtor-in-possession. On March 11, 2010, the Office of the United States Trustee appointed the Committee.

4. On September 30, 2010, the Debtor and the Committee (sometimes hereafter jointly referred to as, the "<u>Movants</u>") filed a Joint Motion for Order Approving Settlements with Defendants Cory and Heather Atkinson and Defendants Cory and Heather Atkinson (the "<u>Settlement Motion</u>"). The Settlement Motion sought approval, *inter alia*, for a Settlement Agreement by and among Cory and Heather Atkinson, the Debtor and the Committee. Pursuant to the Settlement Agreement, Cory and Heather Atkinson agreed to surrender to the Debtor substantially all of their assets in exchange for the consideration spelled out in the Settlement Motion. On October 22, 2010, this Court entered its Order Approving Settlement (the "<u>Settlement Order</u>").

5. Pursuant to the Settlement Order, Cory and Heather Atkinson surrendered to the Debtor the real estate, improvements and other personal property located at 718 Wenstone Crossing Way, Wentzville, Missouri (the "<u>Wenstone Crossing Real Estate</u>").

6. The Movants have reached an agreement with Dave and Karen Roberts (the "<u>Prospective Buyers</u>") to purchase the Wenstone Crossing Real Estate pursuant to the terms of a Special Sale Contract which is subject to higher and better bids, all as is more particularly described in the Special Sale Contract which is attached hereto as **Exhibit A** and incorporated herein by reference (the "<u>Purchase Agreement</u>") and in the *Notice of Hearing on Joint Motion for Order Authorizing Sale Of Wenstone Crossing House Free and Clear of All Liens, Claims, and Encumbrances, Subject to Higher and Better Offers* filed concurrently herewith.

7. By this Motion, the Movants seek entry of an Order (the "Sale Order") following a hearing on March 16, 2011 at 10:00 a.m. (the "Sale Hearing") authorizing Movants to sell the Wenstone Crossing Real Estate to the Prospective Buyers pursuant to the Purchase Agreement free and clear of all liens, claims and encumbrances or, alternatively, in the event that the Court approves a higher and better offer from a party not affiliated with the Prospective Buyers, approving the sale of the Wenstone Crossing Real Estate to such other party.

**BACKGROUND ON PURCHASE AGREEMENT**

8. The offer submitted by Prospective Buyers for the Wenstone Crossing Real Estate is the highest and best of the proposals received for the Wenstone Crossing Real Estate.

9. The sale of the Wenstone Crossing Real Estate to Prospective Buyers under the Purchase Agreement is the product of substantial negotiations between parties.

10. The proposed sale has been negotiated at arms-length and constitutes a good faith offer to purchase in accordance with Section 363(m) of the Bankruptcy Code. The Prospective Buyers have no prior business or personal relationship with the Debtor, the Committee, Cory Atkinson, or Heather Atkinson. The Prospective Buyers are not "insiders" within the meaning of Section 101(31).

11. The Closing of the proposed Sale is to occur only after the Bankruptcy Court approves the sale after notice and a hearing as required by Section 363 of the Bankruptcy Code and Bankruptcy Rule 2002(a).

**SALE OF ASSETS UNDER SECTION
363 OF THE BANKRUPTCY CODE**

12. The Movants request that the Court authorize the sale of the Wenstone Crossing Real Estate pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the sale proceeds.

13. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business, after notice and a hearing.  A sale of assets outside the ordinary course of business is a matter within the Court's discretion.  <u>In re Channel One Comm., Inc.</u>, 117 B.R. 493, 496 (E.D. Mo. 1990); <u>In re Apex Oil Co.</u>, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

14. The Movants have determined that, in their respective business judgments, the Sale of the Wenstone Crossing Real Estate to Prospective Buyers in accordance with the terms of the Purchase Agreement (or to another bidder making a higher and better offer for the Wenstone Crossing Real Estate before the Sale Hearing) is in the best interest of Debtor's Chapter 11 estate and its creditors.  The Proposed Sale of the Wenstone Crossing Real Estate is for fair and reasonable consideration, is in good faith, does not unfairly benefit any insiders or creditors of the Debtor, and will maximize the value of the Debtor's estate.

### **SALE FREE AND CLEAR OF ALL LIENS**

15. Section 363(f) of the Bankruptcy Code authorizes a debtor to use, sell or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property.  Under the Proposed Sale, the Wenstone Crossing Real Estate is to be sold free and clear of all liens, claims and encumbrances with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force and effect that such liens, claims and encumbrances had on such assets prior to the closing of the Proposed Sale.  Alternatively, in the event that another bidder makes a higher and better offer for the Wenstone Crossing Real Estate, the Wenstone Crossing Real Estate will be sold to such party free and clear of all liens, claims and encumbrances with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force and effect that such liens, claims and encumbrances had on such assets prior to the closing of the transaction.

WHEREFORE the Debtor hereby respectfully requests entry of a Sale Order following the Sale Hearing authorizing the Debtor (i) to sell the Wenstone Crossing Real Estate to Prospective Buyers pursuant to the Purchase Agreement or, alternatively, in the event that Prospective Buyers are not the prevailing party at the auction, approving the sale of the Wenstone Crossing Real Estate to such prevailing party, and (ii) take each of those steps outlined in the Purchase Agreement, or in the event that Prospective Buyers are not the prevailing party, those steps outlined in the prevailing party's form of purchase contract, to close on the sale of the Wenstone Crossing Real Estate.

Dated: February 25, 2011

Respectfully submitted,

| THOMPSON COBURN LLP | LATHROP & GAGE LLP |
|---|---|
| By: */s/ David A. Warfield* <br> David A. Warfield (34288MO) <br> dwarfield@thompsoncoburn.com <br> Brian W. Hockett (52984MO) <br> bhockett@thompsoncoburn.com <br> Allison E. Graves (60748MO) <br> agraves@thompsoncoburn.com <br> One US Bank Plaza <br> St. Louis, MO 63101 <br> Ph. 314.552.6000 <br> Fax: 314.552.7000 | By: */s/ Robert E. Eggmann* <br> Robert E. Eggmann, 37374MO <br> 7701 Forsyth Blvd., Suite 400 <br> Clayton, Missouri 63105 <br> Ph: (314) 613-2800 (Phone) <br> Fax: (314) 613-2801 (Fax) <br> Reggmann@lathropgage.com <br><br> Attorneys for the Debtor |

Attorneys for the Official Unsecured Creditors'
Committee for US Fidelis, Inc.