## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) In Proceedings Under Chapter 11 |
| US FIDELIS, INC., | ) |
| | ) Case No. 10-41902-705 |
| Debtor. | ) |
| | ) Motion No.: |
| | ) |
| | ) Hearing Date: March 30, 2011 |
| | ) Hearing Time: 10:00 a.m. |
| | ) Courtroom 7-South |

### THIRD MOTION FOR FINAL ORDER AUTHORIZING FOURTH EXTENSION OF (I) USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, AND (II) ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 364

COMES NOW Debtor and Debtor-in-Possession U.S. Fidelis, Inc. ("**Debtor**") by and through its undersigned counsel and moves the Court for a Final Order Authorizing Fourth Extension of (I) Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364. In support of this Third Motion, the Debtor respectfully states and alleges as follows:

### I.      INTRODUCTION

1.      On March 1, 2010 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2.      The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      To date, no trustee or examiner has been appointed in this case, but an Official Committee of Unsecured Creditors (the "**Committee**") has been appointed in this case.

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.      PROCEDURAL FACTS

5.      On March 2, 2010, Debtor filed a Motion for Entry of Interim and Final Orders Authorizing: (A) Debtor's Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code; (B) Authorizing Debtor to Obtain Secured Post-petition Financing Pursuant to § 364 of the Bankruptcy Code; and (C) Approving and Authorizing Debtor to Enter into Certain Related Loan Documents ("**Cash Collateral Motion**") [Dkt. #15], requesting that the Court approve a Credit Agreement,[1] providing, in relevant part, that (a) Debtor was authorized to borrow from Mepco not more than $3,000,000.00 and (b) the Credit Agreement matures on June 30, 2010.

6.      On March 3, 2010, the Court entered an Interim Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) ("**Interim Order**") [Dkt. #24], authorizing Debtor to borrow from Mepco not more than $788,000.00 in accordance with the Credit Agreement and Interim Order pending the Final Hearing on the Cash Collateral Motion set for March 31, 2010.

7.      On April 1, 2010, the Court entered a Second Interim Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing Pursuant

---

[1] Terms not expressly defined in this Motion have the same meaning as set forth in the Cash Collateral Motion.

to Bankruptcy Rule 4001(c) ("**Second Interim Order**") [Dkt. #71], authorizing Debtor to borrow from Mepco not more than $1,089,000.00 in accordance with the First Amended Debtor-in-Possession Credit Agreement and Second Interim Order pending the Final Hearing on the Cash Collateral Motion set for April 22, 2010.

8.     On May 11, 2010, the Court entered an Amended Second Interim Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and Scheduling a Final Hearing ("**Amended Second Interim Order**") [Dkt. #161], authorizing Debtor to borrow from Mepco not more than $2,102,000.00 in accordance with the First Amended Debtor-in-Possession Credit Agreement and Amended Second Interim Order pending the Final Hearing on the Cash Collateral Motion set for May 26, 2010.

9.     On May 28, 2010, the Court entered the Final Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) (the "**Final Order**") [Dkt. #222], authorizing Debtor to borrow from Mepco not more than $3,000,000.00 in accordance with the First Amended Debtor-in-Possession Credit Agreement and the Final Order through June 30, 2010.

10.     On June 11, 2010, Debtor filed a Motion to Alter or Amend the Final Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing

12266222v1

Pursuant to Bankruptcy Rule 4001(c) ("**Motion to Amend**") [Dkt. #237], seeking to Amend the Final Order.

11.     On July 8, 2010, the Court entered the Second Final Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364 (the "**Second Final Order**") [Dkt. #305], authorizing Debtor to borrow from Mepco not more than $2,288,000.00 through August 31, 2010 in accordance with the Second Amended Debtor-in-Possession Credit Agreement and the Second Final Order.

12.     On August 19, 2010, Debtor filed a Motion for First Extension of (I) Secured Post-Petition Financing on a Superpriority Basis Pursuant to 11 U.S.C. §364, (II) Use of Cash Collateral Pursuant to 11 U.S.C. §363, and (III) Adequate Protection Pursuant to 11 U.S.C. §§ 362 and 364 ("**Second Cash Collateral Motion**") [Dkt. #364], requesting that the Court approve a Third Amended Credit Agreement,[2] providing, in relevant part, that (a) Debtor was authorized to borrow from Mepco not more than $1,640,000.00 and (b) the Credit Agreement matures on October 31, 2010.

13.     On September 2, 2010, the Court entered an Interim Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) ("**Third Interim Order**") [Dkt. #384], authorizing Debtor to borrow from Mepco not more than $900,000.00 in accordance with the Third Amended Credit

---

[2] Terms not expressly defined in this Motion have the same meaning as set forth in the Second Cash Collateral Motion.

12266222v1

Agreement and Interim Order pending the Final Hearing on the Cash Collateral Motion set for September 22, 2010.

14.     On September 24, 2010, the Court entered the Third Final Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364 (the "**Third Final Order**") [Dkt. #398], authorizing Debtor to borrow from Mepco not more than $1,640,000.00 through October 31, 2010 in accordance with the Third Amended Debtor-in-Possession Credit Agreement and the Third Final Order.

15.     On November 1, 2010, Debtor filed a First Amended Motion for (I) Use of Cash Collateral Pursuant to 11 U.S.C. §363, and (II) Adequate Protection Pursuant to 11 U.S.C. §§ 362 and 364 ("**First Amended Collateral Motion**") [Dkt. #450], requesting that the Court approve a Third Amended Credit Agreement,[3] providing, in relevant part, that (a) Debtor was authorized to borrow from Mepco not more than $1,000,000.00 and (b) the Credit Agreement matures on January 31, 2011.

16.     On November 5, 2010, the Court entered an Interim Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) ("**Fourth Interim Order**") [Dkt. #454], authorizing Debtor to borrow from Mepco not more than $900,000.00 in accordance with the Fourth Amended Credit

---

[3] Terms not expressly defined in this Motion have the same meaning as set forth in the First Amended Collateral Motion.

12266222v1

Agreement and Interim Order pending the Final Hearing on the Amended Cash Collateral Motion set for November 10, 2010.

17.    On November 17, 2010, the Court entered the Fourth Final Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364 (the "**Fourth Final Order**") [Dkt. #472], authorizing Debtor to borrow from Mepco not more than $1,640,000.00 through January 31, 2011 in accordance with the Fourth Amended Debtor-in-Possession Credit Agreement and the Fourth Final Order.

18.    On January 19, 2011, Debtor filed a Second Motion for (I) Use of Cash Collateral Pursuant to 11 U.S.C. §363, and (II) Adequate Protection Pursuant to 11 U.S.C. §§ 362 and 364 ("**Second Collateral Motion**") [Dkt. #559], requesting that the Court (I) authorize Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) authorize Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Schedule a Final Hearing Pursuant to Bankruptcy Rule 4001(c), authorize Debtor to use the Cash Collateral in accordance with the Second Amended Budget and Interim Order pending the Final Hearing on the Amended Cash Collateral Motion set for February 16, 2011.

19.    On January 26, 2011, the Court entered an Interim Order (I) Authorizing Secured Postpetition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) ("**Fifth Interim Order**") [Dkt. #566], authorizing Debtor to use the Cash Collateral in

6

accordance with the Second Amended Budget and Interim Order pending the Final Hearing on the Amended Cash Collateral Motion set for February 16, 2011.

20.     On February 22, 2011, the Court entered the Fifth Final Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364 (the "**Fifth Final Order**") [Dkt. #619], authorizing Debtor to use the Cash Collateral through April 30, 2011 in accordance with the Second Amended Budget and the Fourth Final Order.

### III.     MEPCO'S PREPETITION LOANS

21.     Pursuant to that certain Dealer Agreement dated as of April 1, 2009 (the "**Dealer Agreement**") and that certain Agreement dated as of October 22, 2009 (the "**Forbearance Agreement**"), Mepco extended financial accommodations and provided financial assistance to or for the benefit of the Debtor.  All such financial accommodations owing under, or in connection with, the Dealer Agreement and the Forbearance Agreement (collectively, the "**Prepetition Loan Documents**") are hereinafter referred to as the "**Prepetition Obligations**."

22.     In accordance with the Prepetition Loan Documents, the Debtor is truly and justly indebted to Mepco without defense, counterclaim, or offset of any kind.  As of the Petition Date, the Debtor was liable to Mepco in respect of the financial accommodations and assistance made by Mepco to the Debtor pursuant to the Prepetition Loan Documents in the aggregate principal amount of approximately $17,727,396.69 plus accrued and unpaid interest thereon and fees.

23.     The Prepetition Obligations are secured by valid, perfected, enforceable, first priority liens and security interests granted by Debtor to Mepco upon and in substantially all of the assets and property of Debtor (the "**Prepetition Collateral**"), including without limitation,

12266222v1

goods, inventories, equipment, accounts, chattel paper, general intangibles and proceeds of the foregoing.

24.     All of the cash of Debtor constitutes Prepetition Collateral or the proceeds of the Prepetition Collateral and, therefore, is cash collateral of Mepco, as a Prepetition Lender, within the meaning of Section 363(a) of the Bankruptcy Code (the "**Cash Collateral**").  Mepco, as Prepetition Lender, is entitled, pursuant to Section 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interest in the Prepetition Collateral, including for the use of the Cash Collateral, the use, sale or lease of the Prepetition Collateral (other than the Cash Collateral) and the imposition of the automatic stay.

## IV     NECESSITY OF USE OF CASH COLLATERAL

25.     On October 22, 2010, the Debtor filed the Motion [Dkt. #439].  The Debtor informed Mepco and other parties in this case that it intended to close its call center at Wentzville on October 31, 2010.  The Debtor has made arrangements for all inbound calls to be answered by administrators or other third parties commencing on November 1, 2010.  Mepco, however, requested that the Debtor keep the call center open beyond November 1, 2010 for another approximately 90 days so that all outbound account retention calls can be handled from the call center as before.  The Debtor is willing to keep the call center open for another 90 days from March 31, 2011 to handle outbound account retention calls so long as Mepco pays 100% of the costs associated with such outbound account retention calls.

26.     The Debtor and Mepco are constantly evaluating the merits of keeping the call center open.  Consequently, the call center may be closed at any time thereby terminating the need for cash collateral upon closing.  Accordingly, the Debtor respectfully requests that this Court allow Debtor to reserve the right to shut down the call center at any time the Debtor deems

8

it in the estate's best interest to do so, which will then automatically terminate the Debtor's right to use cash collateral for the call center.

27.    Therefore, the Debtor intends to continue its business operations through and including June 30, 2011 for the purposes of (i) continuing the administration of its bankruptcy estate and winding down gradually its business operations, and (ii) making outbound account retention calls.  The Debtor does not have sufficient unencumbered cash resources to pay the expenses associated with the continued administration of its bankruptcy estate and the winding down of its business operations without using Cash Collateral (as hereafter defined).The operation of Debtor's business and administration of Debtor's Chapter 11 bankruptcy estate requires that Debtor use the Cash Collateral to pay numerous key employees and professionals. The key employees are set for the below as well as the portion of the respective salary to be borne by the bankruptcy estate of the Debtor (the "**Estate**") and the portion that is to be borne by Mepco.

a.    **Tammy Graning**.  Ms. Graning is the Controller of the Debtor.  Her salary will be borne 100% by the Estate.  Ms. Graning does all accounting for bankruptcy court, closes books on monthly basis, maintains affiliate books and records and provides assistance to Tax, Legal, Financial, professionals and Federal authorities.  She will close books for Oct/Nov/Dec and 2010 and assist in prep of W2 and w9 forms.

b.    **Art Pender**.  Mr. Pender manages the Account Retention Department.  His salary will be borne 50% by the Estate and 50% by Mepco.  Mr. Pender will continue to manage the Account Retention department for Mepco.  For the Estate, he will gather info related to many federal/legal investigations, open/close building (security), assist in any IT-related requests for data, assists in infrastructure fixes (security cameras, for example)

9

c. **Elizabeth Pierce**. Ms. Pierce performs accounting services. Her salary will be borne 50% by the Estate and 50% by Mepco. Ms. Pierce performs accounting work for affiliates, acts as "in-house" administrator for the Debtor's affiliate Crescent Mfg, In addition, she is responsible for cash and bank reconciliations monthly, does payroll for all employees, does special projects per Amherst Partners' request

d. **Cheyenne Watson**. Ms. Watson is what is left of the Debtor's Legal Department. Her salary will be borne 75% by the Estate and 25% by Mepco. Ms. Watson coordinates the dozens of lawsuits/court appearances with Debtor's counsel, handles all Better Business Bureau issues, assists in many of the legal/federal investigations

e. **Shirmond Conway**. Mr. Conway is what is left of the Debtor's IT Department. His salary will be borne 50% by the Estate and 50% by Mepco. Mr. Conway addresses technical issues, provides information on contracts/customers/administrators for the many data requests we get. He also acts as building security, IT problem solver- working with phone systems, IT systems, computer servers, software issues.

f. **Anne Marie Mormino**. Ms. Mormino will only be employed for two weeks in order to complete the 401k audit, address issues in previous Department of Labor, and finalize record retention organization, then will be terminated. Her salary will be borne 100% by the Estate.

28. In addition, the budget provides for the payment of fees and expenses for the professionals employed by the Debtor including Amherst Partners, Lathrop & Gage, BKD and UHY as well as professional fees and expenses for the professionals employed by the Committee including Thompson Coburn.

29. The Debtor's continued access to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor.

12266222v1

## V.    SOURCE OF CASH COLLATERAL

30.    The Debtor seeks to use the cash of the Debtor, including but not limited to, the funds that it received in connection with the settlement of the adversary proceeding styled *US Fidelis, Inc. v. First-Citizens Bank and Trust Company and Intuit, Inc. et al.*, bearing Adversary Proceeding No. 10-04223 (the "**Intuit Settlement Proceeds**").

31.    In accordance with the authority granted to Debtor by this Court, Debtor has used $2,900,000 of the Intuit Settlement Proceeds to pay down the Post Petition Loan from Mepco (the "**DIP Loan**").  The current balance of the DIP Loan is $3,084,942.30.

## VI.    RELIEF REQUESTED

32.    For the reasons set forth above, pursuant to Sections 105, 363(c), 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001(c) and 9014, Debtor requests that the Court enter an order authorizing Debtor to, for the period commencing on March 31, 2011 and ending on June 30, 2011, use the Cash Collateral in the operation of the Debtor's business and for payment of Chapter 11 expenses, including profession fees, in accordance with the budget attached hereto as **Exhibit A** (the "**Third Amended Budget**").

## VII.    NOTICE

33.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Committee; and (c) any party with an interest in the Cash Collateral.

**WHEREFORE**, US Fidelis, Inc. as Debtor and Debtor in Possession respectfully requests that the Court enter the following:

a.    An Order granting Debtor relief in accordance with this Motion; and

12266222v1

b.     An Order granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

LATHROP & GAGE LLP

*/s/ Robert E. Eggmann*

By: _____

Robert E. Eggmann # 37374
Thomas H. Riske #61838
7701 Forsyth Blvd., Suite 400
Clayton, Missouri  63105
Telephone:  (314) 613-2800
Telecopier:  (314) 613-2801
reggmann@lathropgage.com
triske@lathropgage.com

and

Brian T. Fenimore, #497607
Crystanna V. Cox, #60402
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:  (816) 292-2000
Telecopier:   (816) 292-2001
bfenimore@lathropgage.com
ccox@lathropgage.com

ATTORNEYS FOR US FIDELIS, INC. AS DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by ECF electronic noticing or via US Mail, on this 10th day of March, 2011 upon all parties listed on Master Service List No. 4 dated March 3, 2011.

/s/ *Robert E. Eggmann*

_____

12

# EXHIBIT A

## USfidelis Cash Collateral Budget
### USfidelis Estate Expenses and USfidelis Operating Expenses
April 30, 2011 through June 30, 2011

($ in thousands)

| Week Beginning | 2011 4/4 | Fcst 4/11 | Fcst 4/18 | Fcst 4/25 | Fcst 5/2 | Fcst 5/9 | Fcst 5/16 | Fcst 5/23 | Fcst 5/30 | Fcst 6/6 | Fcst 6/13 | Fcst 6/20 | Fcst 6/27 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **USfidelis Operating Income** | | | | | | | | | | | | | | |
| Credit Cards - USF benefit, Mepco fee | $ - | $ 10 | $ - | $ 1 | $ - | $ - | $ 10 | $ 1 | $ - | $ - | $ - | $ - | $ 1 | $ 23 |
| Manual Deposits (checks) - Mepco | - | - | 2 | - | - | - | - | 2 | - | - | - | - | - | 4 |
| Total Income | $ - | $ 10 | $ 2 | $ 1 | $ - | $ - | $ 10 | $ 3 | $ - | $ - | $ - | $ - | $ 1 | $ 27 |
| | | | | | | | | | | | | | | |
| **Estate-related Expenses** | | | | | | | | | | | | | | |
| Estate-related Payroll | $ - | $ 9 | $ - | $ 9 | $ - | $ 9 | $ - | $ 9 | $ - | $ 9 | $ - | $ 5 | $ 5 | $ 55 |
| Legal Fees - L&G | - | - | 48 | - | - | 40 | - | 48 | - | - | - | 48 | - | 184 |
| Legal Fees - TC | - | - | 68 | - | - | 68 | - | 68 | - | - | - | 68 | - | 272 |
| Financial Advisor Fees - Amherst | 6 | 7 | 5 | 5 | 5 | 6 | 5 | 5 | 10 | 10 | 5 | 3 | 3 | 75 |
| Accountants | - | - | 30 | - | - | 25 | - | 15 | - | - | - | 15 | - | 85 |
| Insurance/Other | - | 3 | - | 3 | 3 | 30 | 3 | - | 3 | 10 | 3 | - | 3 | 61 |
| Auction Prep/Auctioneer | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Estate-related Expenses | $ 6 | $ 19 | $ 151 | $ 17 | $ 8 | $ 178 | $ 8 | $ 145 | $ 13 | $ 29 | $ 8 | $ 139 | $ 11 | $ 732 |
| | | | | | | | | | | | | | | |
| **Net Estate Costs** | $ 6 | $ 9 | $ 151 | $ 16 | $ 8 | $ 178 | $ (2) | $ 144 | $ 13 | $ 29 | $ 8 | $ 139 | $ 10 | $ 709 |
| | | | | | | | | | | | | | | |
| **MEPCO COSTS -Pass Through Costs** | | | | | | | | | | | | | | |
| Acct Retention Payroll | $ - | $ 20 | $ - | $ 20 | $ - | $ 18 | $ - | $ 18 | $ - | $ 12 | $ 3 | $ - | $ - | 91 |
| Acct Retention Health Care | 8 | - | - | - | 8 | - | - | - | - | - | - | - | - | 16 |
| Electric (Ameren) | - | 10 | 7 | - | - | - | 14 | 10 | - | - | 14 | 10 | - | 65 |
| Phone (ifbyphone) (Century Tel) | 10 | - | - | - | 10 | - | - | - | 10 | - | - | - | - | 30 |
| Computer/Data (Voxitas) | - | - | 8 | - | - | - | - | 8 | - | - | - | 8 | - | 24 |
| UHC Medical Claims | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| USF monthly fee | - | 10 | - | - | - | - | 10 | - | - | - | - | - | - | 20 |
| Personal Property taxes | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other (Maint, supplies, auctioneer,etc) | 3 | 2 | 1 | 3 | 2 | 1 | 3 | 2 | 1 | 3 | 2 | 1 | 3 | 27 |
| Total operating expenses | $ 21 | $ 42 | $ 16 | $ 23 | $ 20 | $ 19 | $ 27 | $ 38 | $ 11 | $ 15 | $ 19 | $ 19 | $ 3 | 273 |
| | | | | | | | | | | | | | | |
| **Total Mepco Costs** | $ 21 | $ 42 | $ 14 | $ 23 | $ 20 | $ 19 | $ 27 | $ 36 | $ 11 | $ 15 | $ 19 | $ 19 | $ 3 | $ 269 |