UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
BANKRUPTCY DIVISION

| | | |
|---|---|---|
| In re   US FIDELIS, INC., | ) | |
| | ) | Case No. 10-41902-705 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing Date:  July 13, 2012 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Location:  St. Louis/7th Floor |

**RESPONSE TO:  1) MOTION TO EXPEDITE HEARING ON MOTION TO MODIFY PLAN BY INTERLINEATION AND 2) MOTION TO MODIFY PLAN BY INTERLINEATION**

Loretta Alva, Jackie High and Travis Peavy (together "Consumer Objectors") hereby respond to the Motion to Expedite Hearing on Motion to Modify Plan by Interlineation and Motion to Modify Plan of Liquidation filed late at 8:11 p.m. CDT on July 11, 2012.  The Motion to Amend and the Proposed Amended Plan of Liquidation ("Proposed Amended Plan") and the Motion to Expedite, including the circumstances surrounding its filing, are entirely improper.

The Proposed Amended Plan substantially redefines the classes of creditors and purported participation in the Plan – all at the eleventh hour and without adequate notice to those affected by the overall Plan.  Specifically, the Proposed Amended Plan is a transparent attempt to "pay off" the Consumer Objectors without regard to the significant issues raised in their timely objection filed on July 9, 2012, i.e., that the Plan's contemplated release and injunction in favor of non-debtor third party MEPCO Finance Corporation ("MEPCO") and its parent Independent Bank Corporation (collectively, the "MEPCO Released Parties"), is unfair and improper.  *See* Dkt. No. 1135 (incorporated

1

fully herein in order to preserve the record). Significantly, the Motion and Proposed Amended Plan strongly suggest that even the Plan's proponents believe and acknowledge that the Plan is simply unfair.

Rather than addressing the merits of the concerns raised in the Consumer Objectors' Objection (*id.*), including the propriety of the non-debtor third party injunction and release and the scope of this Court's jurisdiction to address claims and other matters outside the bankruptcy assets, the MEPCO Released Parties and the Official Unsecured Creditors Committee (the "Creditors' Committee") only hours after the pre-trial conference, improperly moved to amend the Plan and have it heard, and immediately confirmed, by the Court less than 36 hours after it was submitted.[1]

Indeed, the Proposed Amended Plan fails to allow anyone, including the Consumer Objectors sufficient notice and opportunity to understand what is being presented, to accept or reject it, or opt-out of it. There is little doubt that the Proposed Amended Plan deprives them of their procedural and substantive rights. Moreover, whether the attempted "pay off" to the Consumer Objectors does nothing to make the objectionable release and injunction provisions in the Plan suddenly fair. The Proposed Amended Plan has clearly not been proposed in good faith and according to the law. Fed. R. Bankr. P. 3020(b)(2).

This Proposed Amended Plan is further evidence that the MEPCO Released Parties and the Creditors' Committee acknowledge that there are classes of victims – like the Consumer Objectors – who simply are not adequately covered by the Plan, i.e., those

---

[1] Recognizing that third party non-debtor releases are entirely improper, particularly here, where the parties attempting to get a release and injunction have allegedly participated in the massive fraud against consumers, the MEPCO Released Parties and the Creditors' Committee would like to sweep all of that under the rug by this maneuver.

2

consumers who fully or partially paid for their contracts but received no benefit. Moreover, the Proposed Amended Plan fails to treat all affected members in all classes in the same manner.

The fact that only ten individual consumers sent in ballots, of which six of them voted against the Plan is also telling.[2] Clearly, consumers are not getting sufficient information, which is evidenced by the minimal response.[3] The speed and timing and circumstances around the filing from last night also demonstrate that the objective was to quash any opposition – to silence the Objectors – rather than rectify the flaws in the Plan.

For all these reasons, Consumer Objectors urge the Court that they be afforded the proper procedural and substantive safeguards and an opportunity to consider the Proposed Amended Plan.

DATED: July 12, 2012                Respectfully submitted,

                                            THE MEHDI FIRM

                                            /s/
                                      AZRA Z. MEHDI (*Pro Hac Vice*)

---

[2] Counsel for the Creditors' Committee informed all present in open court during the pre-trial conference that ten ballots had been received. In the Motion to Amend the Plan, they have only indicated six were received, thus, pre-emptively determining that the votes of four individuals, three of which are the Consumer Objectors, do not count. This is clearly improper.

[3] Consumer Objectors also challenge the methodology for the balloting credit given to the votes of the various state Attorneys General, but again in light of the Motion to Expedite and the Proposed Amended Plan, have been ill-afforded the opportunity to review and address any of those issues.

One Market
Spear Tower, Suite 3600
San Francisco, CA  94105
Telephone:  415/293-8039
Fax:  415/293-8001
azram@themehdifirm.com

Counsel for Interested Parties Loretta
Alva, Jackie L. High and Travis Peavy

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2012, I electronically filed the Response to: 1) Motion to Expedite Hearing on Motion to Modify Plan by Interlineation and 2) Motion to Modify Plan by Interlineation, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I also hereby certify that I caused to be served the foregoing document via e-mail to:

Robert Schulz
7111 Forest Street
Schofield, WI  54476
outdoorenterprises@charter.net

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 12, 2012.

/s/
AZRA Z. MEHDI (*Pro Hac Vice*)