UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
BANKRUPTCY DIVISION

| | | |
|---|---|---|
| In re   US FIDELIS, INC., | ) | |
| | ) | Case No. 10-41902-705 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing Date:  July 16, 2012 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Location:  St. Louis/7th Floor |

**SUBMISSION BY CONSUMER OBJECTORS RE:  HEARING TO CONFIRM
MODIFIED PLAN OF LIQUIDATION**

      Loretta Alva, Jackie High and Travis Peavy (together "Consumer Objectors") hereby make this submission with respect to the hearing scheduled on July 16, 2012 at 10:00 a.m. to confirm the Modified Plan of Liquidation ("Plan") and state as follows:

      1.      On July 11, 2012 at 10:00 a.m. CDT, the Court held a pre-trial conference. Later that evening after 8:00 p.m. CDT, the Official Committee of Unsecured Creditors ("Creditors' Committee") filed a Motion to Modify Plan of Liquidation and the Proposed Amended Plan of Liquidation ("Proposed Amended Plan") seeking to create an entirely new class of claims and a Motion to Expedite Hearing on Motion to Modify Plan by Interlineation.  Dkt. Nos. 1147 and 1150, respectively.

      2.      Consumer Objectors filed a Response to:  1) Motion to Expedite Hearing on Motion to Modify Plan by Interlineation and 2) Motion to Modify Plan by Interlineation ("Response") on July 12, 2012 urging the Court that the Proposed Amended Plan did not provide sufficient notice to those who may have an interest in the Proposed Amended Plan, nor an opportunity to review and evaluate the modification to the Plan.  Accordingly, Consumer Objectors requested that they be afforded the proper

1

procedural and substantive safeguards and an opportunity to consider the Proposed Amended Plan. Dkt. No. 1155.

3. The Court, in its Order Granting Motion to Expedite and Motion to Amend ("Order"), dictated during the conclusion at the hearing, found that the Consumer Objectors were the only parties affected by the proposed substantive amendments and that they have had sufficient notice of the proposed amendments and the time to consider the terms. Order at 2 (Dkt. No. 1162).

4. The Court also found that Consumer Objectors did not object to the motion to Amend and that Consumer Objectors specifically took no position on the request to amend. *Id.* at 3. This is incorrect. As outlined in the Response filed on July 12, as well as during the July 13, 2012 hearing, Consumer Objectors clarified that they took no position on the substantive amendments because they had not been provided a sufficient opportunity to review and respond substantively to the Modification of the Plan, not for lack of substantive objection to the Plan. Response at 2-3. Indeed, the Proposed Amended Plan had only been submitted less than 38 hours prior to the July 13, 2012 10:00 a.m. expedited hearing. Nevertheless, the Court summarily determined that Consumer Objectors had received sufficient notice and were not prejudiced by the Modified Plan. Thus, the Court's conclusion that Consumer Objectors do not object, without adding the clarification that it was on basis of lack of notice and opportunity, is not entirely accurate.

5. The Court, without specifically ruling on the issue of Consumer Objectors' standing, also limited Consumer Objectors' right to present at the July 16,

2

2012 Confirmation hearing permitting them to only proceed on their objection to the extent that it was based on a lack of good faith. Order at 4.

6. Consumer Objectors explicitly stated in their Response that the eleventh-hour timing and circumstances surrounding the filing of the Motion to Amend Plan and the Proposed Amended Plan was without adequate notice to those affected by the overall Plan and strongly suggests that even the Plan's proponents believe and acknowledge that the Plan is not fair as it does not adequately cover all classes of consumer victims who partially or fully paid for their contracts, which were involuntarily cancelled. Consumer Objectors do not intend to present evidence or witnesses of bad faith. Consumer Objectors assert and have always maintained that the Plan's contemplated release and injunction in favor of non-debtor third party MEPCO Finance Corporation and its parent Independent Bank Corporation, is unfair and improper. *See* Dkt. No. 1135 ("Objection").

7. Consumer Objectors would also like to address a remark made by the Court during the July 13, 2012 hearing regarding Consumer Objectors' apparent "late entry" into this proceeding. It is true that the Consumer Objectors neither participated in the Debtor's bankruptcy proceedings, nor in the mediation sessions that led to the Plan. Consumer Objectors, however, were not allowed to participate. In fact, it was only possible for Consumer Objectors to become aware of the terms of the Plan and the Disclosure Statement after they were made public, i.e., after June 5, 2012, since the global settlement negotiations were confidential. Hence, Consumer Objectors were not "late" but rather filed a timely objection when they had the relevant information regarding the Plan. Notably, the Attorneys General involved in the bankruptcy proceedings were apprised of the proceedings pending in the District Court for the

3

Northern District of California and appear to have been provided a copy of the complaint. On October 10, 2011, the Assistant Attorney General for the State of Washington, Mary Lobdell, who was one of the lead attorneys negotiating on the Attorney General Executive and Steering Committees and has been described in the pre-trial conference as one of the lead architects of the Plan, was monitoring claims filed in the bankruptcy proceeding and reached out to one of the Consumer Objectors, Ms. Jackie High. *See* Exhibit A, attached hereto. In response, on November 16, 2011, the undersigned, as counsel for Ms. High, informed Ms. Lobdell of the pending proceedings in the District Court for the Northern District of California and provided a copy of the complaint and offered to coordinate with the Attorneys General:

> I write on behalf of my client Jackie L. High regarding your request for information on the service provider for her extended warranty contract. Please note that Ms. High is pursuing the matter in federal court. I have attached a copy of the complaint. It should contain all the information you were seeking. If you have any additional questions, feel free to contact me. I have previously worked with your office on other matters and would be happy to coordinate if necessary.

*See* Exhibit B, attached hereto. The receipt of the e-mail and complaint was acknowledged on the same day by Ms. Lobdell who responded:

> Thank you for the complaint. I will pass it on to the other States involved in the U.S. Fidelis bankruptcy.

*See* Exhibit C, attached hereto.

8. As a final point, Consumer Objectors are unable to participate in person at this Confirmation hearing. In any event, the Court has narrowly confined the scope of the objection to "lack of good faith." As discussed above, Consumer Objectors' Objection to the Plan is not predicated upon on a lack of good faith, but instead upon the fact that the Plan continues to include non-debtor third-party releases and injunctions.

4

Therefore, in light of that limitation and their inability to attend in person, Consumer Objectors hereby respectfully make this submission.

DATED: July 15, 2012

Respectfully submitted,

THE MEHDI FIRM

/s/
AZRA Z. MEHDI (*Pro Hac Vice*)
One Market
Spear Tower, Suite 3600
San Francisco, CA  94105
Telephone:  415/293-8039
Fax:  415/293-8001
azram@themehdifirm.com

Counsel for Interested Parties Loretta Alva, Jackie L. High and Travis Peavy

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2012, I electronically filed the Submission by Consumer Objectors Re: Hearing to Confirm Modified Plan of Liquidation, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 15, 2012.



/s/
AZRA Z. MEHDI (*Pro Hac Vice*)