UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| US FIDELIS, INC., | ) | Hon. Charles E. Rendlen, III |
| | ) | |
| Debtor. | ) | Case No. 10-41902 |
| | ) | |

**JEFFREY ROPER, ESQ.'S REPLY TO OBJECTIONS
OF RHODERICK J. BEERY II AND RHODERICK J. BEERY III
TO THE MOTION OF JEFFREY ROPER, ESQ. FOR ATTACHMENT
OF ATTORNEY'S LIEN**

COMES NOW Jeffrey Roper, Esq. ("Roper") and for his Reply to the Objections of Rhoderick J. Beery II and Rhoderick J. Beery III to the Motion of Jeffrey Roper, Esq. for Attachment of Attorney's Lien states to the court as follows:

1. Rhoderick J. Berry II and Rhoderick J. Beery III object to Roper's Motion based solely on the fact that Roper is not an attorney licensed in the State of Missouri.

2. Roper admits he is not a licensed attorney in the State of Missouri.

3. Roper is an attorney licensed in the State of Illinois. Pursuant to Missouri Rules of Professional Conduct Rule 4-5.5(c)(i), an attorney licensed in another United States jurisdiction can provide legal services on a temporary basis in Missouri as long as such services are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

4. Roper associated with two attorneys to assist him in handling the Berry's pre-petition lawsuit against Debtor, Robert Chandler ("Chandler") and Daniel Goldberg ("Goldberg"). Both Chandler and Goldberg are Missouri-licensed attorneys who actively participated with Roper in representing the Beerys in connection with the underlying litigation.

{Lashly & Baer, P.C. - 00565021.DOCX-1}

5. Roper satisfied the requirements of Rule 4-5.5(c)(i), and Roper was not engaged in the unauthorized practice of law as the Beerys suggest in their Objections.

6. The Beerys also argue that only a Missouri-licensed attorney may claim an attorney's lien under Sections 484.130 and 484.140 RSMo.

7. This position is incorrect. Sections 484.130 and 484.140 RSMo. do not require that the "attorney" referenced therein be licensed in Missouri

8. Roper is entitled to an attorney's lien on any proceeds which the Beerys are entitled to receive from the Debtor's bankruptcy estate in connection with the Consent Judgment (as defined in the Motion).

9. The Beerys have not submitted any additional arguments in opposition to Roper receiving his fee.

10. The Beerys obtained a favorable outcome due to Roper's representation and they received the Consent Judgment from the Debtor in the amount of $2,000,000.00.

11. The Beerys are simply attempting to prevent Roper from receiving the attorney's fee to which he is entitled in order to increase their own share of the Consent Judgment.

12. It is important to note that Roper paid his associated Missouri counsel on an hourly basis out of his own pocket. He has invested in excess of $100,000.00 of Missouri counsel fees and $19,832.15 in costs.

13. He has also invested over $100,000.00 of his own time in obtaining the Consent Judgment for the Beerys.

14. Additionally, the Beerys were fully aware from the day they hired Roper that he was not licensed in Missouri, and that Chandler and Goldberg would need to assist Roper in

handling the matter since they were licensed in Missouri. The Beerys were also aware that Roper was paying the Missouri attorneys' hourly fees out of his own pocket.

15. It would be unfair and inequitable for the Beerys to prevent Roper from receiving the fees to which he is entitled after they have received the benefit of the Consent Judgment.

16. Therefore, Roper respectfully requests that the Court name him as sole payee on any disbursements from the Debtor's bankruptcy estate to the Beerys so that he may deposit the payment in his trust account and distribute the funds according to the terms of his contingent fee agreement with the Beerys.

WHEREFORE, Movant Jeffrey Roper hereby requests that the Court substitute him as sole payee on any distributions under the Debtor's Chapter 11 Plan to the Beerys in connection with the Beery Claim (Claim No 836) and to Union Bank as an assignee of the Beery Claim in connection with the Union Bank Claim (Claim No. 829).

/s/Michael C. Seamand
Michael C. Seamands
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri  63101
(314) 621-2939
(314) 621-6844 (FAX)
mseamands@lashlybaer.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2012, a true and correct copy of the foregoing was served by the method or methods specified below:

  X  by electronically filing with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Michael C. Seamands